IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CLEOPATRA DE LEON, NICOLE DIMETMAN, VICTOR HOLMES, AND MARK PHARISS<br>  PLAINTIFFS, | § § § § § | |
| VS. | § § | CAUSE NO. 5:13-CV-982-OLG |
| RICK PERRY, in his official capacity as Governor of the State of Texas, GREG ABBOTT, in his official capacity as Texas Attorney General, GERARD RICKHOFF, in his official capacity as Bexar County Clerk, and DAVID LAKEY, in his official As Commissioner of the Texas Department Of State Health Services<br>  DEFENDANTS. | § § § § § § § § § § | |

## DEFENDANT BEXAR COUNTY CLERK RICKHOFF'S MOTION TO BE DISMISSED FROM PLAINTIFFS' ORIGINAL COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF PURSUANT TO RULE 12(b) (6)

**TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE ORLANDO GARCIA:**

  COMES NOW Defendant Gerard C. Rickhoff, in his Official Capacity as the Bexar County Clerk and respectfully moves this Court to dismiss Plaintiffs' claims against him found in Plaintiff's Original Complaint for Declaratory and Injunctive Relief pursuant to Fed. R. Civ. P. 12 (b) (6) for failure to state a claim against the Bexar County Clerk that will give them the relief that they seek, and in support thereof would respectfully show the following:

## I. BACKGROUND

1. Plaintiffs have filed a lawsuit against the Bexar County Clerk as well as several other defendants, including the Governor and the Attorney General of the State of Texas and the Commissioner of the Texas Department of State Health Services. The Plaintiffs state that "[t]his lawsuit is brought by four citizens, each of whom wishes for the State of Texas to allow and recognize their marriages." Plaintiffs assert that certain sections of the Texas Constitution and the Texas Family Code are unconstitutional pursuant to the Constitution of the United States. The Texas Office of the Attorney General will represent the State actors and address the constitutional challenges to the Texas Constitution and the laws of the State of Texas.

2. Plaintiffs admit that the laws of the state of Texas prohibit a county clerk, including the Bexar County Clerk, from issuing marriages licenses to persons of the same sex. Tex. Family Code Ann §2.001. Plaintiff fail to provide any authority for the position that the Bexar County Clerk may, on his own, alter the laws of the State of Texas. No matter the personal opinion of a County Clerk in the State of Texas, a Clerk is required to follow the laws of the State of Texas. Tex. Const. Art. XVI §1. There is no discretion given to a County Clerk in regard to the issuance of marriage licenses. See Tex. Att'y Gen. Opinion M-1216(Sept. 14, 1972)(Summary: The County Clerks in Texas are not authorized to issue

licenses to two persons of the same sex.)   The laws are created by the legislative branch of the Texas Government and the Governor and the Attorney General are the proper parties to defend the constitutionality of their actions.

## II. STANDARD OF REVIEW

3. Rule 12(b) (6) of the Federal Rules of Civil Procedure authorizes the trial court to dismiss a cause of action if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b) (6). Generally, when reviewing a complaint for 12(b)(6) dismissal, a district court should accept well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Lindquist v. City of Pasadena*, 525 F.3d 383, 386 (5th Cir. 1996). However, as the Supreme Court has recently explained, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. *Ashcroft v. Iqbal,* ___ U.S. ___, 129 S.Ct. 1937, 1949-50 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007)) (emphasis added). Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice. *Id.*

4. Another important principle in *Twombly*, as explained by the U.S. Supreme Court in *Iqbal*, is that only a complaint that states a plausible claim for relief will survive a motion to dismiss. *Id.* To avoid dismissal under F.R.C.P 12(b) (6), a complaint must state "enough facts to state a claim to relief that is plausible

on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007) (emphasis added). Facial plausibility occurs "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949-50 (2009) (citing *Bell Atlantic Corp. v. Twombly* 550 U.S. 544, 127 S.Ct. 1955 (2007)). The allegations set forth in the complaint "must be enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555 (citations omitted) and show that the pleader is entitled to relief. *Iqbal* at 1949-50 (2009). Mere conclusory allegations will not survive a motion to dismiss. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995).

### III. ARGUMENT

**Plaintiffs Have Failed to State a Claim against Defendant Bexar County Clerk Rickhoff for Which the Relief They Seek Can Be Granted**

5.　The Plaintiffs claims against the Bexar County Clerk are that he is exercising the non-discretionary act of following the laws of the State of Texas. The gravamen of the Plaintiff's lawsuit is to have those laws deemed unconstitutional.   The issue of the constitutionality of a Texas Statute or a provision of the Texas Constitution will be and should be defended by the Texas Attorney General – not by one Texas County Clerk.　The issue of the constitutionality of certain provisions of the Texas Family Code and the Texas Constitution can be litigated without the participation of the Bexar County Clerk.

6.	If the provisions of the Texas Family Code and the Texas Constitution are declared unconstitutional, it would not be necessary to enjoin the Bexar County Clerk from enforcing the statutes because the Plaintiffs would have a separate cause of action against the County Clerk should he attempt to enforce a statutes which have been held to be unconstitutional on its face. When a state official seeks to enforce a state legislative enactment that is void because it is unconstitutional, the officer enjoys no absolute immunity. *See Ex Parte Young*, 28 S.Ct. 441 (1908). For example, the U.S. Supreme Court has declined to rule on the issue of injunctive relief against prosecutorial authorities once statutes have been declared invalid, stating that the court would assume that prosecutorial authorities would give full credence to the Court's decision that the statutes were unconstitutional. *See Doe v. Bolton*, 93 S.Ct. 739 (1973); *Roe v. Wade*, 93 S.Ct. 705 (1973)  The Court in this case may assume that the Bexar County Clerk will give full credence to the Court's decision in this case.

7.	Moreover, the U.S. Supreme Court, in reviewing an appeal of a district court's failure to enjoin enforcement of an unconstitutional statute, held that it was proper for a district court to decline to issue such an injunction because there was no allegation and no proof that respondents would not acquiesce in a decision holding the challenged ordinance unconstitutional. *Poe v. Gerstein*, 94 S.Ct. 2247 (1974)

8. In regard to the Declaratory Action, the proper parties are before the Court to address this issue. It is the role of the Texas Attorney General to defend the Constitutionality of the Law of the State of Texas. See Tex. Civ. Prac. & Rem Code §37.006(b); Tex. Gov't Code §402.010 . In *Children's Healthcare is a Legal Duty, Inc. v. Deters*, 894 F.Supp. 1129, 1131-32 (S.D. Ohio 1995), *rev'd on other grounds*, 92 F.3d 1412 (6th Cir. 1996), the plaintiffs sued various officials including the state attorney general and a district attorney in attacking the constitutionality of a statute that provided religious exemptions from a child endangerment law. The court held that the district attorney was not the proper defendant, noting that it was a state law at issue and the lawmakers, not the enforcers, were the proper defendants. In the present case, the Bexar County Clerk had no control over the enactment of the legislation. The state lawmakers are responsible for enactment of the statute, and it would be unjust to require Bexar County Clerk Rickhoff to bear the costs associated with defending the constitutionality of the statute, especially given that if the statute is declared unconstitutional he could have the Plaintiffs' costs and fees assessed against him.

## IV. CONCLUSION

9. Plaintiffs' claims against Defendant Bexar County Clerk Gerard Rickhoff should be dismissed for failure to state a claim for which relief they seek can be granted.

## V. PRAYER

FOR THE REASONS STATED ABOVE, Defendant Bexar County Clerk Gerard Rickhoff prays that this court grant his motion to be dismissed from Plaintiffs' Original Complaint for Declaratory and Injunctive Relief for failure to state a claim for which relief can be granted. Defendant also requests any and all further relief to which Defendant may be entitled, both at law and in equity.

Respectfully submitted,

SUSAN D. REED
Criminal District Attorney
Bexar County, Texas

BY:  /s/ *Susan A. Bowen*
SUSAN A. BOWEN
State Bar No. 02725950
Assistant Criminal District Attorneys --
Civil Division
101 W. Nueva 4th Floor
San Antonio, Texas 78205-3030
Telephone: (210) 335-2139
Telecopier: (210) 335-2151
ATTORNEYS FOR DEFENDANT
BEXAR COUNTY CLERK GERARD RICKHOFF

## CERTIFICATE OF SERVICE

      I hereby certify that on this 20th day of November, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM\ECF system which will send notification of such filing with the following:

AKIN GUMP STRAUSS HAUER & FELD L.L.P.
Barry A. Chasnoff
300 Convent Street  Suite 1600
San Antonio, Texas 78205

                                            *Susan A. Bowen*
                                            SUSAN A. BOWEN