IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| CLEOPATRA DE LEON, NICOLE DIMETMAN, VICTOR HOLMES, and MARK PHARISS<br><br>Plaintiffs,<br><br>v.<br><br>RICK PERRY, in his official capacity as Governor of the State of Texas, GREG ABBOTT, in his official capacity as Texas Attorney General, GERARD RICKHOFF, in his official capacity as Bexar County Clerk, and DAVID LAKEY, in his official capacity as Commissioner of the Texas Department of State Health Services<br><br>Defendants. | CIVIL ACTION NO. 5:13-cv-982-OLG |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO
DEFENDANT GERALD RICKHOFF'S MOTION TO DISMISS**

Plaintiffs file their response to Defendant Gerald C. Rickhoff's Motion to Dismiss. The Court should deny Rickhoff's motion for the reasons set forth below.

*Preliminary Statement*

Under 42 U.S.C. § 1983, Rickhoff is a proper party because he is a government official who, acting under color of state law, deprived Plaintiffs Holmes and Phariss of their rights secured by the United States Constitution. (*See* Docket No. 1, Compl. ¶ 59-60.) On October 3, 2013, Rickhoff's office refused to issue a marriage license to Holmes and Phariss because they

are men and the Texas Constitution and provisions of the Family Code (collectively, "Section 32") prohibit same-sex marriage. (*Id.* ¶ 30.) Plaintiffs contend that Rickhoff's refusal to issue the license violated Plaintiffs' constitutional rights because Section 32 itself violates the Equal Protection and Due Process Clauses of the Fourteenth Amendment. (*Id.* ¶¶ 51-58.) Therefore, Plaintiffs seek an injunction preventing Rickhoff from refusing to issue them a marriage license. (*See id.* at 16.)

Rickhoff asserts that the Court should dismiss him from the case because he is "required to follow the laws of the State of Texas" and he cannot "on his own, alter the laws of the State of Texas." (Docket No. 20 at 2.) This argument fails. Indeed, none of the defendants, acting alone, can alter the challenged state law and their ability to alter the law is not at issue. But Rickhoff is a defendant because he, acting under color of state law, deprived Plaintiffs Holmes and Phariss of their constitutionally protected rights and privileges, and Plaintiffs seek to enjoin him from doing so again. "I was doing my job" pursuant to an unconstitutional provision is not a defense, and the Court should deny Rickhoff's motion to dismiss.

## I. LEGAL STANDARD

When ruling on a defendant's Rule 12(b)(6) motion to dismiss, "[t]he court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Johnson v. City of Houston*, 444 Fed. App'x 26, 30 (5th Cir. 2011) (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)). A complaint will survive a motion to dismiss if it states "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Claims have facial plausibility "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Amacker v. Renaissance Asset Mgmt. LLC*, 657 F.3d 252, 254 (5th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## II.   ARGUMENT

### A. Rickhoff Is A Proper Party Because He Refused To Issue A Marriage License To Plaintiffs Holmes And Phariss And Plaintiffs Seek Injunctive Relief Against Him.

On October 3, 2013, Plaintiffs Holmes and Phariss requested a marriage license from the Bexar County Clerk's office. (Compl. ¶ 30.) Rickhoff is the Bexar County Clerk, and his office refused to issue a license to Holmes and Phariss because they are a same-sex couple. (*Id.* ¶¶ 12, 30.) Because Rickhoff refused to issue Plaintiffs a marriage license, Plaintiffs named him as a defendant in this lawsuit. (*See id.* ¶ 30.)

Plaintiffs allege that Section 32 violates their rights under the Due Process and Equal Protection Clauses and are, therefore, actionable under 42 U.S.C. § 1983, (*see id.* ¶¶ 51-60), which provides:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in any action at law, suit in equity, or other proper proceeding for redress.

There are two "essential" elements to a section 1983 action. "First, the conduct complained of must have been committed by a person acting under color of state law." *Augustine v. Doe*, 740 F.2d 322, 325 (5th Cir. 1984). Second, the "conduct must have deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Id.*

Plaintiffs' Complaint plainly alleges the two necessary elements of a section 1983 claim against Rickhoff. First, Rickhoff acted under color of state law. As the Bexar County Clerk, Rickhoff is responsible for providing marriage applications, issuing marriage licenses, and

3

determining whether individuals meet the requirements for marriage.  *See* Tex. Fam. Code §§ 2.001(a), 2.002, 2.004(a), 2.005, 2.008; *see also* Compl. ¶ 12.  Because of this, Plaintiffs Holmes and Phariss applied for a marriage license from him. (Compl. ¶ 30.)  Rickhoff, relying on Section 32, denied Plaintiffs Holmes and Phariss' marriage application.  (*Id.* ¶ 30.)  Second, in denying Plaintiffs Holmes and Phariss' marriage application, Rickhoff deprived Plaintiffs of their due process and equal protection rights.  (*See id.* ¶¶ 30, 51-60.)

Rickhoff's motion to dismiss argues that he is not a proper party to Plaintiffs' lawsuit because he is merely "exercising the non-discretionary act of following the laws of the State of Texas."  This argument fails for three reasons.  First, as discussed above, Rickhoff plainly falls within the parameters of section 1983.  He is a government official who, acting under color of state law, violated Plaintiffs Holmes and Phariss' constitutional rights.  Plaintiffs could have sued Rickhoff alone.  Second, Rickhoff must be a party for Plaintiffs to obtain an injunction against him.  *See Women's Med. Prof'l Corp. v. Voinovich*, 130 F.3d 187, 211 (6th Cir. 1997) (holding that a party who would be bound by an injunction is a necessary party to an underlying suit for declaratory relief).  Plaintiffs seek injunctive relief precluding Rickhoff from enforcing Section 32. (Compl. at 16.)  As evidenced by their recent Motion for Preliminary Injunction (Docket No. 28), Plaintiffs request that this Court order Rickhoff to issue a marriage license to Holmes and Phariss.  Third, Rickhoff's defense proves too much.  Under his logic, every defendant sued under section 1983 for enforcing an unconstitutional state law could successfully plead the defense of "just doing my job."  That is not the standard.  Plaintiffs do not allege that any Defendant acted in his personal capacity and deprived Plaintiffs of their constitutional rights.  Plaintiffs only sue each Defendant in his official capacity, and Rickhoff is a proper defendant.  (Compl. ¶¶ 10-13); *see Alexander v. Kammer*, 363 F. Supp. 324, 327 (E.D. Mich. 1973) (holding

that section 1983 claim was properly maintained against city clerk and that city clerk's refusal to accept plaintiff's petition for nomination to city commissioner office because candidate did not meet city's residency requirements violated plaintiff's equal protection rights); *cf. Webb's Fabulous Pharmacies, Inc. v. Beckwith*, 449 U.S. 155, 158 (1980) (court clerk was defendant in lawsuit challenging state statute that violated Fifth and Fourteenth Amendments)

Rickhoff's reliance on *Children's Healthcare is a Legal Duty, Inc. v. Deters*, 894 F. Supp. 1129 (S.D. Ohio 1995), *rev'd on other grounds*, 92 F.3d 1412 (6th Cir. 1996), is misplaced. In *Deters*, the plaintiffs brought a lawsuit challenging the constitutionality of a spiritual/religious exemption to a child endangerment statute. *Id.* at 1130. Under the exemption, it was not "child endangerment" for a parent to use prayer, rather than conventional medical care, to treat a child's physical or mental illness. *Id.* The plaintiffs named the state attorney general, the county prosecutor, and the city solicitor as defendants, contending that they should enforce the child endangerment statutes regardless of the spiritual/religious exemption. *Id.* The prosecutor and city solicitor argued that they were not proper parties because they were not "sufficient adversaries to be defendants," as they had *not* done anything. *Id.* at 1131. The court held they were not necessary parties because they were acting as state officials and because they did nothing that affected the lawsuit—they simply did not prosecute what was not a crime. *Id.* at 1131-32. The county prosecutor and city solicitor did not violate Plaintiffs' constitutional rights. The county prosecutor and city solicitor did nothing, and there was no need to issue an injunction against them.

In contrast to *Deters*, Plaintiffs' lawsuit alleges that Rickhoff violated their constitutional rights and seeks an injunction barring him from doing so again. None of the other Defendants is responsible for issuing marriage licenses. None of the other Defendants refused to issue a

marriage license to Defendants Holmes and Phariss.  And Plaintiffs cannot obtain an injunction from this Court requiring any of the other Defendants to issue a marriage license to them (as Plaintiffs demand in their Motion for Preliminary Injunction (Docket No. 28)).

Under similar circumstances, the Sixth Circuit rejected the *Deters* reasoning.  In *Women's Medical Professional Corp. v. Voinovich*, 130 F.3d at 210-11, abortion service providers challenged Ohio's abortion laws and sued the governor, the attorney general, and the Montgomery County prosecutor.  *Id.* at 190, 210.  The county prosecutor, relying on *Deters*, argued that he was not a necessary party because the governor and attorney general would defend the law.  *Id.* at 210.  The district court rejected this argument, and the Sixth Circuit affirmed.  *Id.* at 210-11.  The Sixth Circuit held that the county prosecutor was a necessary party because he could enforce the abortion law if the service providers violated it.  The Sixth Circuit held that the prosecutor was necessary for the plaintiffs to obtain the injunctive relief they sought—namely an injunction preventing the prosecutor from enforcing the abortion laws.  *Id.* at 211.  The same reasoning should apply even more so here.  Rickhoff not only would violate Plaintiffs' constitutional rights and refuse to issue them a marriage license, but he has done so.  Moreover, the Court cannot order any of the remaining Defendants to issue a marriage license, which is part of the relief Plaintiffs seek.  Accordingly, Rickhoff is a proper party.

### Conclusion

The Court should deny Rickhoff's motion to dismiss.

Respectfully submitted,

AKIN GUMP STRAUSS HAUER & FELD LLP

By: /s/ Daniel McNeel Lane, Jr.
    Barry A. Chasnoff (SBN 04153500)
    bchasnoff@akingump.com
    Daniel McNeel Lane, Jr. (SBN 00784441)
    nlane@akingump.com
    Frank Stenger-Castro (SBN 19143500)
    fscastro@akingump.com
    Jessica Weisel (*PHV pending*)
    jweisel@akingump.com
    Michael P. Cooley (SBN 24034388)
    mcooley@akingump.com
    Matthew E. Pepping (SBN 24065894)
    mpepping@akingump.com
    300 Convent Street, Suite 1600
    San Antonio, Texas 78205
    Phone: (210) 281-7000
    Fax: (210) 224-2035

Attorneys for Plaintiffs

## **CERTIFICATE OF SERVICE**

I certify that on December 9, 2013, I served Defendants a copy of the foregoing document via the Court's ECF system.

By:    /s/ Daniel McNeel Lane, Jr.
        Daniel McNeel Lane, Jr.