

# ATTORNEY GENERAL OF TEXAS
## GREG ABBOTT

Michael P. Murphy  
ASSISTANT SOLICITOR GENERAL

(512) 936-2995  
MICHAELP.MURPHY@TEXASATTORNEYGENERAL.GOV

December 8, 2013

William G. Putnicki, Clerk of Court  
U.S. District Court for the Western District of Texas, San Antonio Division  
655 E. Cesar E. Chavez Blvd., Room G65  
San Antonio, Texas 78206

RE:   *De Leon v. Perry*, Case No. 5:13-cv-982-OLG

Dear Mr. Putnicki:

This letter is to notify the Court of a recent ruling from the United States Supreme Court that significantly impacts Plaintiffs' pending motion for preliminary injunction in the above-captioned case. On Monday, the Supreme Court stayed a permanent injunction issued by a federal district court against Utah's same-sex marriage ban. *Herbert v. Kitchen*, No. 13A687 (Jan. 6, 2014) (SCOTUS Stay Order) (attached). The Supreme Court's order allows Utah law to remain in force while the case is resolved on appeal. That order sends a strong signal that Texas marriage law should not be preliminarily enjoined during the pendency of this case.

On December 20, 2013, a federal district court ruled that Utah's constitutional amendment and state laws (collectively Utah marriage law) that reserve marriage to opposite-sex couples violate homosexual couples' substantive-due-process and equal-protection rights under the Fourteenth Amendment of the United States Constitution. *Kitchen v. Herbert*, No. 2:13-cv-217 (D. Utah), Mem. Decision and Order, Doc. No. 90 (Dec. 20, 2013). The court issued a permanent injunction barring enforcement of Utah marriage law, *id.*, and denied a stay of its injunction while the case is on appeal. The Tenth Circuit also declined to stay the injunction, but it expedited review of the appeal.

Utah officials filed a stay application with Justice Sotomayor, Circuit Justice for the Tenth Circuit, requesting a stay of the district court's injunction while the case is on appeal. Stay App., No. 13A687 (Dec. 31, 2013). The stay application explained the State's likelihood of success on appeal and noted the significant irreparable harm that could befall both the State and same-sex couples that are married during the pendency of the case on appeal if either the Tenth Circuit or the Supreme Court reversed the district court's judgment. *Id.* Justice Sotomayor referred the application to the entire Court and requested a response from the plaintiffs. After receiving a response and Utah's reply, the Supreme Court granted—without dissent—Utah's application for a stay. SCOTUS Stay Order. The Court stayed the district court's permanent injunction "pending final disposition of the appeal by the United States Court of Appeals for the Tenth Circuit." *Id*.

Letter to Mr. William G. Putnicki, Clerk of the Court
January 8, 2014
Page 2

The Supreme Court's order sends an unmistakable message to lower courts that States' traditional marriage laws should remain in force until they have been fully reviewed on appeal. The Ninth Circuit recognized this when it stayed the district court's order striking down Proposition 8 as well as its own mandate pending resolution of the case by the Supreme Court. *See Perry. v. Schwarzenegger*, No. 10-16696, Doc. No. 14 (9th Cir. Aug. 16, 2010); *id.*, Doc. No. 425-1 (June 5, 2012). The reasons for a stay are both legal and practical. As a legal matter, the Supreme Court's last word on this issue is that traditional marriage law does not violate the Constitution. The Supreme Court in *Baker v. Nelson* rejected on the merits a claim that Minnesota's law limiting marriage to opposite-sex couples violated the plaintiffs' constitutional rights. 409 U.S. 810 (1972). That decision is binding on lower courts, and the Supreme Court has been clear that it alone has "the prerogative of overruling its own decisions." *Rodriguez de Quijas v. Shearson/Am. Express, Inc.*, 490 U.S. 477, 484 (1989).

Practical concerns also confirm the logic of maintaining the status quo and allowing state law to remain in force while the case is pending. As State Defendants explained in their response to Plaintiffs' preliminary-injunction motion, Doc. No. 40, all sorts of problems could result if a federal district court requires the State to grant same-sex marriages and then is reversed on appeal. Those practical concerns alone counsel strongly against altering the status quo when a legal victory for Plaintiffs is far from certain. In light of the Supreme Court's recent order in *Herbert*, the Court should deny Plaintiffs' motion for preliminary injunction.

Respectfully,

*/s/ Michael P. Murphy*
Michael P. Murphy
Assistant Solicitor General
OFFICE OF THE SOLICITOR GENERAL
Tel: (512) 936-2995
Fax*:* (512) 474-2697
*Michaelp.murphy@texasattorneygeneral.gov*

cc:     All counsel