IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| CLEOPATRA DE LEON, NICOLE DIMETMAN, VICTOR HOLMES, and MARK PHARISS, <br>    *Plaintiffs*, <br> v. <br><br><br> RICK PERRY, in his Official Capacity as Governor of the State of Texas, GREG ABBOTT, in his Official Capacity as Texas Attorney General, GERARD RICKHOFF, in his Official Capacity as Bexar County Clerk, and DAVID LAKEY, in his Official Capacity as Commissioner of the Texas Department of State Health Services, <br>    *Defendants*. | CIVIL ACTION <br><br> NO. 5:13-CV-982-OLG |

## STATE DEFENDANTS OPPOSED MOTION TO TRANSFER VENUE

TO THE HONORABLE ORLANDO L. GARCIA:

  Defendants Rick Perry, Greg Abbott and David Lakey (hereinafter State Defendants) move to transfer this case to the docket of the Honorable Sam Sparks in the Austin Division of the Western District of Texas, pursuant to 28 U.S.C. § 1404(a).  Two cases with nearly identical legal and factual issues are currently pending before Judge Sparks and he expressed intent at a hearing yesterday to decide the two Austin cases together.  For the convenience of the Court and the parties and in the interest of justice, this Court should grant this motion to transfer venue so that all three cases can be decided together, as explained below.

  The legal standard for transferring venue pursuant to § 1404(a) is well established.  A transfer motion should be granted if "the movant demonstrates that the transferee venue is clearly more convenient, taking into consideration (1) the relative ease of access to sources of proof; (2)

the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; (4) all other practical problems that make trial of a case easy, expeditious and inexpensive; (5) the administrative difficulties flowing from court congestion; (6) the local interest in having localized interests decided at home; (7) the familiarity of the forum with the law that will govern the case; and (8) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013) (quotation marks omitted).

## REASONS TO GRANT TRANSFER

1. First, transferring *DeLeon* and consolidating the three cases for one trial in Austin will reduce the time and expense of trying the three actions separately. Since all three cases involve virtually the same State Defendants with common questions of law and fact, it would be more efficient to try these cases together. If this case is not transferred, many, if not all, of the same witnesses will be called to testify in the trial of each, resulting in considerable and unnecessary evidentiary repetition.

2. Second, transferring this case and consolidating it for trial purposes with the other two cases in Austin will conserve judicial resources. All three cases contain a Constitutional challenge to the laws of Texas prohibiting same-sex marriage, and will be decided under the same federal and State law standards. Proceeding separately would be a waste of judicial resources. Transferring this De Leon case to Austin would conserve judicial resources by allowing for one hearing on all pending issues instead of different Courts having to contend with the same issues in separate venues.

3. Third, it would be more convenient and cost-effective for the parties, witnesses, and the Court if *De Leon* was transferred to be tried in Austin with *McNosky* and *Zahrn*. All of the

written discovery and depositions in these three actions are going to focus on substantially the same facts and issues.  Thus, if *De Leon* was transferred, it would avoid the unnecessary waste of time and avoidable expense in engaging in duplicative discovery.

4.	Fourth, to transfer *DeLeon* to Austin will not result in an unfair advantage.  By not having to deal with three separate cases addressing substantially similar issues in two separate venues, there would not be any unfair advantage for either side of this litigation.

5.	Fifth, if the Court does not transfer *DeLeon,* the separate trial and administration of these cases could result in inconsistent adjudications of common factual and legal issues.  Because there are common questions of law and fact, these three cases should be transferred and tried in one venue to avoid the risk that one or more Courts deciding  common questions of law and fact in a way that conflicts with the other Court.

6.	All three cases are just at the beginning stage of litigation, and are ripe for transfer and consolidation for trial purposes only. *Pedigo v. Rumba,* 2010 WL 2730463, p. 1 (W.D. Tex, 2010).

## CONCLUSION

State Defendants' motion to transfer venue should be granted and this case should be transferred to the Austin Division of the Western District.

Date:   January 10, 2014			Respectfully submitted.

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for

Legal Counsel

JONATHAN F. MITCHELL
Solicitor General

*/s/ Michael P. Murphy*
MICHAEL P. MURPHY
Assistant Solicitor General
Texas Bar No. 24051097

WILLIAM T. DEANE
Assistant Attorney General
Texas Bar No. 05692500

OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548 (MC 059)
Austin, Texas  78711-2548
Tel.: (512) 936-2995
Fax: (512) 474-2697
michaelp.murphy@texasattorneygeneral.gov
bill.deane@texasattorneygeneral.gov

COUNSEL FOR STATE DEFENDANTS
RICK PERRY, GREG ABBOTT,
AND DAVID LAKEY

## CERTIFICATE OF CONFERENCE

The undersigned attorney hereby certifies that on January 9 and January 10 2014, he called Plaintiff's counsel and Co-Defendant's counsel to confer about the subject matter of the instant motion. Plaintiffs' counsel opposes this motion. The Co-Defendant Clerk has not responded.

*/s/ William T. Deane*
WILLIAM T. DEANE
Assistant Attorney General

## CERTIFICATE OF SERVICE

      I certify that on January 10, 2014, this document was served on counsel of record, via the Court's CM/ECF Document Filing System and/or electronic mail.

                                          */s/ William T. Deane*
                                          WILLIAM T. DEANE
                                          Assistant Attorney General

| | |
|---|---|
| Mr. Barry A. Chasnoff<br>bchasnoff@akingump.com<br>Mr. Daniel McNeel Lane, Jr.<br>nlane@akingump.com<br>Mr. Frank Stenger-Castro<br>fscastro@akingump.com<br>Mr. Matthew E. Pepping<br>mpepping@akingump.com<br>300 Convent Street, Suite 1600<br>San Antonio, Texas 78205<br>*Attorneys for Plaintiffs* | Susan D. Reed<br>Criminal District Attorney<br>Civil Division, Bexar County<br>101 W. Nueva 4th Floor<br>San Antonio, Texas 78205-3030<br>jeanette.garriga@bexar.org<br>**Attorney for Defendant Rickhoff** |
| Michael Parsons Cooley<br>Akin Gump Strauss Hauer & Feld<br>1700 Pacific Avenue, Suite 4100<br>Dallas, Texas 75201<br>mcooley@akingump.com<br>**Attorney for Plaintiffs** | Jessica M. Weisel<br>Akin Gump Strauss Hauer & Feld<br>2029 Century Park East, Suite 2400<br>Los Angeles, CA 90067<br>**Attorney for Plaintiffs** |