UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
JAN 2 2 2014
CLERK, U.S. DISTRICT C...
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

| | |
|---|---|
| CLEOPATRA DE LEON, et al. § <br> Plaintiffs, § <br> § <br> v. § <br> § <br> RICK PERRY, in his official capacity as § <br> Governor of the State of Texas, et al, § <br> Defendants, § <br> § | Cause No. SA-13-CA-00982-OLG |

**ORDER DENYING DEFENDANTS' OPPOSED MOTION TO TRANSFER VENUE**

On this day the Court considered State Defendants' Opposed Motion to Transfer Venue (docket no. 47), and Plaintiffs' Response in Opposition (docket no. 48). Defendants seek transfer of this case to the Honorable Sam Spark's court in the United States District Court for the Western District of Texas, Austin Division. Defendants contend that two cases with nearly identical legal and factual issues to the present case are currently pending before Judge Sparks. *See McNosky v. Perry*, No. 1:13-CV-631 (W.D. Tex. Filed July 29, 2013) and *Zahrn v. Perry*, No. 1:13-CV-955 (W.D. Tex. Filed October 31, 2013). The Court finds that while both lawsuits filed in the Austin court share a common issue with the present lawsuit in that all Plaintiffs challenge the constitutionality of Defendants' refusal to let them marry their same-sex partners, the three lawsuits differ in important respects. For the reasons stated below, the Court DENIES Defendants' motion.

First, the *McNosky* case was filed *pro se* by a same-sex couple who wants to marry in Texas, and challenges the constitutionality of Texas's restrictions on same-sex marriage solely on the basis of gender discrimination, as opposed to sexual orientation as alleged in the present case. Furthermore, the *Zahrn* case was filed by plaintiffs who seek to marry in Texas and seek

1

recognition of a lawful out-of-state marriage, as the present case. However, the *Zahrn* case seeks certification of a class under Federal Rule of Civil Procedure 23, which is a fundamentally different procedural vehicle than the one sought by the parties in the present case. As noted by Plaintiffs in their response to Defendants' motion to transfer, the Court recognizes this case has advanced farther and more quickly than either of the pending cases. Plaintiffs in the present case have filed and fully briefed their preliminary injunction motion, and Defendants have filed their opposition brief. The Court has set a hearing on the preliminary injunction motion for February 12, 2014.

The Court also notes that on January 9, 2014, the Austin court denied Defendants' request to consolidate their cases. Therefore, this Court does not believe that transfer of this case to the Austin division is either appropriate or necessary. As noted before, the *McNosky* case involves one couple that wishes to marry in Texas, whereas the *Zahrn* and *De Leon* cases involve not only Plaintiffs who wish to marry in Texas, but also Plaintiffs who have already married under the laws of another State. Therefore, the *McNosky* case seeks different relief than the other two cases. Furthermore, procedurally it would be inequitable to consolidate the present case, *De Leon*, with the *Zahrn* case. The *Zahrn* case, a putative class action, was filed after the present case, and the class certification process would impose delay on the possible recognition of Plaintiffs' constitutional rights in this case.

Furthermore, the Court finds Defendants have failed to establish that Austin is a more convenient venue for this case. *See In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (quoting *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998)) ("[W]hen the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected."). The Fifth Circuit has established some factors district

courts may consider in evaluating whether a case should be transferred to another district or division. *See In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013). These factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; (4) all other practical problems that make trial of a case easy, expeditious and inexpensive; (5) the administrative difficulties flowing from court congestion; (6) the local interest in having localized interests decided at home; (7) the familiarity of the forum with the law that will govern the case; and (8) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.*

The Court finds these factors do not weigh in favor of transfer. First, there is no greater "ease of access to sources of proof" in Austin than in San Antonio. There is no greater availability of service of process in Austin than in San Antonio, nor is Austin more economical for willing witnesses. Plaintiffs note their expert witnesses come from California, Massachusetts, and other locations outside of Texas. Therefore, transferring this case to Austin will not render their attendance easier or more economical. The Plaintiffs in this case all reside in Texas, and can travel as easily to hearings in either Austin or San Antonio. Furthermore, the issues to be tried in this case are not unique to one locality. In fact, the statutory and constitutional provisions at issue in this case apply equally across the State of Texas, and the resolution of this case will have state-wide, not localized significance. Accordingly, there are no "localized interests" served by transferring venue to Austin.

Finally, the Court does not foresee any administrative difficulties or unnecessary problems by failing to transfer venue in this case. Defendants argue that failure to transfer this case may result in inconsistent judgments if the other two cases are decided differently.

However, the Court recognizes that both the Austin and San Antonio courts are equally capable and equipped to handle these cases. The Court notes that if one of the cases is decided before the other two, the remaining cases may be stayed pending appeal of the first decision, which would diminish the risk of potentially inconsistent outcomes. Therefore, for all of the above-mentioned reasons, the Court hereby DENIES Defendants' Motion to Transfer Venue.

.It is so ORDERED.

SIGNED this _22_ day of _January_, 2014.

United States District Judge Orlando L. Garcia