# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

FILED

DEC 1 2 2014

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

CLEOPATRA DE LEON, et al.
      Plaintiffs,

v.

RICK PERRY, in his official capacity as
Governor of the State of Texas, et al.,
      Defendants,

§
§
§
§
§
§
§
§
§

Cause No. SA-13-CA-00982-OLG

## ORDER DENYING PLAINTIFFS' MOTION TO LIFT THE STAY OF INJUNCTION

On this day the Court considered Plaintiffs' Opposed Motion to Lift the Stay of Injunction (docket no. 83), Defendants' response in opposition (docket no. 84), and Plaintiffs' reply thereto (docket no. 86). The parties have also submitted notices of additional recent authority in support of their arguments (docket nos. 87, 88, 89 and 90). After careful consideration, the Court finds Plaintiffs' motion should be DENIED.

### I.    BACKGROUND

On February 27, 2014, this Court held that Texas's laws prohibiting same-sex marriage and denying recognition of same-sex marriages entered in other states (hereinafter "Section 32") were unconstitutional. *See De Leon v. Perry*, 975 F. Supp. 2d 632, 665–66 (W.D. Tex. 2014). The Court granted Plaintiffs' motion for preliminary injunction, enjoining Defendants from enforcing Section 32. *Id.* However, the Court also "stay[ed] execution of this preliminary injunction pending the final disposition of any appeal to the Fifth Circuit Court of Appeals." *Id.* On March 7, 2014, the Court granted Defendants' unopposed motion to stay proceedings pending appeal of the preliminary injunction order (docket no. 76).

On November 24, 2014, Plaintiffs filed a motion asking the Court to lift the stay of injunction. In support of their motion, Plaintiffs allege: (1) the Supreme Court has denied certiorari from circuit decisions recognizing same-sex marriage, effectively dissolving the stays imposed in those cases; and (2) Texas's laws restricting same-sex marriage continue to harm Plaintiffs during the pendency of the stay.

## II.   ANALYSIS

### A. The Court has jurisdiction to lift or amend the stay.

As a preliminary threshold matter, Defendants contend the Court lacks jurisdiction to vacate the stay because an appeal is pending before the Fifth Circuit. As a general rule, "the filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control of *those aspects of the case involved in appeal*." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (emphasis added). However, the district court maintains jurisdiction over other matters, including ordering or modifying stays of injunctive relief. *Farmhand, Inc. v. Anel Eng'g Indus., Inc.*, 693 F.2d 1140, 1145 (5th Cir. 1982); *see also Mazurek v. United States*, No. CIV. 99-2003, 2001 WL 616668, at *1 (E.D. La. Apr. 20, 2001) (noting a district court's jurisdiction includes the authority to lift the stay of an order on appeal).

The stay of the injunction is not being appealed in this case. Rather, the only issue before the Fifth Circuit is whether the Court erred in issuing a preliminary injunction and holding that Section 32 was unconstitutional. Vacating the stay of the injunction would not substantially alter the judgment or order of the Court, and would not make the appeal moot. *See Coastal Corp. v. Tex. E. Corp.*, 869 F.2d 817, 819–21 (5th Cir. 1989). Therefore, the Court finds it has jurisdiction to determine whether the injunction stay should be lifted.

**B. The Supreme Court's actions since the imposition of the stay do not dictate the stay should be lifted.**

Plaintiffs argue the Court should lift the stay because the Supreme Court's actions following this Court's decision no longer support the stay's continuance. Specifically, Plaintiffs allege the Supreme Court denied certiorari of appeals upholding same-sex marriage. *See Herbert v. Kitchen*, 135 S. Ct. 265 (2014) (Utah); *Walker v. Wolf*, 135 S. Ct. 316 (2014) (Wisconsin); *Rainey v. Bostic*, 135 S. Ct. 286 (2014) (Virginia); *Schaefer v. Bostic*, 135 S. Ct. 308 (2014) (Virginia); *Smith v. Bishop*, 135 S. Ct. 271 (2014) (Oklahoma); and *Bogan v. Baskin*, 135 S. Ct. 316 (2014) (Indiana).[1] Furthermore, Plaintiffs contend that since the denial of certiorari, the Supreme Court has denied similar stays from other district courts. *See, e.g., Wilson v. Condon*, No. 14A533, 2014 WL 6474220 (U.S. Nov. 20, 2014); *Parnell v. Hamby*, No. 14A413, 2014 WL 5311581, at *1 (U.S. Oct. 17, 2014); *Otter v. Latta*, 135 S. Ct. 345 (2014).

However, the Court is not persuaded that these actions support lifting the stay in this case. As Plaintiffs concede, the Supreme Court's denial of certiorari is legally inconsequential. Furthermore, the recent Supreme Court orders declining to stay injunctions in same-sex marriage cases apply to states with binding circuit precedent which the Supreme Court had declined to review. *See id.* Plaintiffs cite no case, and the Court is unaware of any, in which the Supreme Court has declined to stay a district court's injunction on a same-sex marriage case in a circuit that has not resolved the issue. Because there is a pending appeal in this case before the Fifth Circuit, the Court finds Plaintiffs' arguments fail.

**C. The Eleventh Circuit decision is distinguishable from this case.**

Plaintiffs also note the Eleventh Circuit recently denied the State Defendants' motion to

---

[1] The Court notes this basis for Plaintiffs' motion, the denial of certiorari in other same-sex marriage cases, occurred over two months ago, on October 6, 2014.

extend the district court's stay, and argue this decision supports their motion. *See Grimsley v. Armstrong*, No. 14-14066-AA (11th Cir. Dec. 3, 2014). In that case, the district court denied a similar motion to extend the stay, explaining the stay "would leave the Eleventh Circuit insufficient time to make a considered judgment on whether the stay should remain in place and thus would be inconsistent with the public interest in implementing just once the constitutional decision on same-sex marriage in Florida." *Brenner v. Scott*, No. 4:15-CV-107-RH/CAS, at *4 (N.D. Fla. Nov. 5, 2014).

However, our case has a significantly different posture. As previously mentioned, an appeal of this Court's preliminary injunction order remains pending before the Fifth Circuit. In fact, the Fifth Circuit will hear the merits of the appeal in less than a month. *See De Leon v. Perry*, No. 14-50196, Doc. 00512795903, at 1 (5th Cir. Oct. 7, 2014) (granting a motion to expedite oral argument of the merits of the appeal). Importantly, the Fifth Circuit recently stayed a district court's preliminary injunction against Mississippi's prohibition on same-sex marriage. *Campaign for S. Equal. v. Bryant*, No. 14-60837, Doc. 00512858022, at 4 (5th Cir. Dec. 4. 2014). In contrast to the Eleventh Circuit's decision not to extend the stay, the Fifth Circuit noted that "'a detailed and in depth examination of this serious legal issue' is warranted before a disruption of a long standing status quo." *Id.* at 3–4 (citing *United States v. Baylor Univ. Med. Ctr.*, 711 F.2d 38, 39 (5th Cir. 1983)). Therefore, the Fifth Circuit has expressly supported the issuance of a stay in same-sex marriage cases pending consideration of their appeal.

### D. The legal and practical concerns for imposing the original stay remain today.

In its order imposing a stay in Mississippi, the Fifth Circuit addressed some of the same legal and practical concerns this Court considered when imposing the immediate stay in this case. *See id.* As the Court noted, "considerations of intra-circuit uniformity and the avoidance

of confusion, should this court lift the stay that is currently in place . . ." militate in favor of denying Plaintiffs' motion. *See id.* This Court shares the Fifth Circuit's concern that lifting the stay would cause an "inevitable disruption that would arise from a lack of continuity and stability in this important area of the law" and presents a potential harm not just to Texas but to Plaintiffs themselves and to the public interest at large. *See id.* For example, if this Court lifted the stay and the Fifth Circuit ultimately reversed and vacated the preliminary injunction, what would be the legal status of same-sex marriages entered into during the pendency of the appeal, or the parental rights of children born in these interim same-sex marriages? *See, e.g., Evans v. Utah*, ___ F. Supp. 2d ___, 2014 WL 2048343, at *1−4 (D. Utah May 19, 2014) (noting the confusion that resulted from Utah's marriage ban being enjoined and subsequently reinstated); *see also Strauss v. Horton*, 46 Cal.4th 364, 93 Cal.Rptr.3d 591, 207 P.3d 48 (2009) (discussing the validity of same-sex marriages that occurred after the California Supreme Court's decision allowing same-sex marriage and the passage of Proposition 8 precluding same-sex marriages). Furthermore, given the Fifth Circuit's recent stay of the Mississippi injunction, it is practically certain the Circuit Court would re-impose the stay in this case if lifted.

Although the Court recognizes that Plaintiffs are potentially harmed by the continuation of the stay, "this harm is attenuated by the imminent consideration of their case by a full oral argument" before the Fifth Circuit. *See id.* The merits of the appeal in this case are scheduled to be heard on January 9, 2015, that is, 28 days from the date of this Order. Given that Plaintiffs' claims will soon be heard, "a temporary maintenance of the status quo balances the possibility of this harm with the need to resolve Plaintiffs claims in a manner that is both expeditious and circumspect." *See id.*

### III.    CONCLUSION

Lifting the stay would not bring finality to this Fourteenth Amendment claim.  To the contrary, such action would only be temporary, with confusion and doubt to follow.  The day for finality and legal certainty in the long and difficult journey for equality is closer than ever before. Ultimately, as mentioned in the February 12, 2014 hearing, this Court believes the issue will ultimately be resolved by the United States Supreme Court and "a group of five people will decide this case."  Accordingly, Plaintiffs' motion is DENIED.

It is so ORDERED.

SIGNED this ___12___ day of December, 2014.

United States District Judge Orlando L. Garcia