IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CLEOPATRA DE LEON, NICOLE DIMETMAN, VICTOR HOLMES, and MARK PHARISS<br><br>        Plaintiffs,<br><br>v.<br><br>RICK PERRY, in his official capacity as Governor of the State of Texas, GREG ABBOTT, in his official capacity as Texas Attorney General, GERARD RICKHOFF, in his official capacity as Bexar County Clerk, and DAVID LAKEY, in his official capacity as Commissioner of the Texas Department of State Health Services<br><br>        Defendants. | §§§§§§§§§§§§§§§§§§§§ | CIVIL ACTION NO. 5:13-cv-982-OLG |

---

**PLAINTIFFS' AND DEFENDANT GERARD RICKHOFF'S UNOPPOSED
EMERGENCY MOTION TO LIFT STAY OF INJUNCTION**

---

*Preliminary Statement*

No union is more profound than marriage, for it embodies the highest ideals of love, fidelity, devotion, sacrifice, and family. In forming a marital union, two people become something greater than they once were. As some of the petitioners in these cases demonstrate, marriage embodies a love that may endure even past death. It would misunderstand these men and women to say that they seek to disrespect the idea of marriage. Their plea is that they do respect it, respect it so deeply that they seek to find its fulfillment for themselves. Their hope is not to be condemned to live in loneliness, excluded from one of civilization's oldest institutions. They ask for equal dignity in the eyes of the law. The Constitution grants them that right.

*Obergefell v. Hodges*, Sup. Ct. Case No. 14-556 (June 26, 2015).

1

The Supreme Court has now made clear that this Court was correct, more than 16 months ago, when it held that Texas state law restrictions on same-sex marriage violate the Fourteenth Amendment to the United States Constitution. In so ruling, this Court enjoined Texas from enforcing its same-sex marriage prohibitions (collectively, "Section 32").[1] However, pending the State's appeal to the Fifth Circuit Court of Appeals, this Court stayed the injunction.

The stay should be lifted immediately. Earlier today, the Supreme Court confirmed that the injunction was proper. In *Obergefell v. Hodges*, Sup. Ct. Case No. 14-556 (June 26, 2015),[2] the Supreme Court held that laws like Section 32 violate the Fourteenth Amendment's guarantees of equal protection and due process. Now that the Supreme Court has decided the central issues in this case, there is no longer any reason to stay enforcement of the injunction. Plaintiffs accordingly ask that this Court immediately lift the stay so that the injunction can take effect, and Plaintiffs and other same-sex couples can exercise their constitutional rights to marry.

## ARGUMENT

### I.   THE COURT SHOULD LIFT THE STAY

#### A.   Maintaining The Injunction Is Causing Plaintiffs And Other Same-Sex Couples Irreparable Harm.

When it granted the injunction, this Court expressly found that the denial of the fundamental right to marry and to have their marriages recognized causes Plaintiffs irreparable harm. *De Leon v. Perry*, 975 F. Supp. 2d 632, 663-64 (W.D. Tex. 2014) ("Federal courts at all levels have recognized that violation of constitutional rights constitutes irreparable harm as a

---

[1] Plaintiffs challenged three Texas laws that prohibit same-sex couples from marrying and declaring void lawful out-of-state marriages between same-sex couples: (1) Family Code § 2.001, originally enacted in 1973 as Family Code § 1.01; (2) Family Code § 6.204, enacted in 2003; and (3) Article I, § 32 of the Texas Constitution, passed as H.J.R. 6 by the Legislature and approved by voters in November 2005. Plaintiffs refer to these laws collectively as "Section 32."

[2] A true and correct copy of the Supreme Court's opinion in *Obergefell* is attached to this Motion as Exhibit A.

matter of law.... Not only have Plaintiffs suffered financial harm and expenses due to their inability to marry (e.g., adoption expenses), but they correctly note that no amount of money can compensate the harm for the denial of their constitutional rights.") (internal citations omitted). Allowing Section 32 to remain in effect creates "a substantial threat" of "irreparable injury" to Plaintiffs and other same-sex couples. *Id.* at 663.

The Court's findings were not hypothetical. Plaintiffs and other same-sex couples face real, tangible risks from being denied the right to marry or have their marriages recognized. Plaintiff Dimetman gave birth to her and Plaintiff De Leon's child a few months ago, but because the stay was in effect, De Leon was not recognized as the child's mother at birth. Under Texas law, De Leon would not be recognized as the child's parent absent costly adoption proceedings.

The harms are not limited to obtaining recognition as parents; all unmarried couples face risks due to the ongoing delay in their ability to marry. Should either Plaintiff Holmes or Plaintiff Phariss die before marrying, the surviving partner would be denied rights that married widows receive, such as survivor benefits to social security, military pensions, and basic inheritance rights. Most importantly, they would never enjoy the validation of their relationship in the eyes of the State or the validation (and joy) from having their family and friends attend their wedding.

Plaintiffs are not unique. The indignities and risks they face are shared by hundreds of thousands of Texas same-sex couples, and these indignities and risks will continue until they are finally allowed to marry and have their marriages recognized. These risks are not speculative and cannot be cured afterwards. Indeed, one of the plaintiffs in a lawsuit challenging Pennsylvania's same-sex marriage ban passed away before being able to marry. Kaitlynn Riely, *Obituary: Fredia Hurdle/Among plaintiffs in Pa.'s gay marriage case*, Pittsburgh Post-Gazette (Aug. 12, 2014). In the time since the Court issued its injunction, De Leon and Dimetman had a child, and

years after they were married out of state, Texas still refuses to recognize the legitimacy and legality of their marriage. Similarly, Holmes and Phariss applied for a marriage license on October 3, 2013—more than 20 months ago—a wait no heterosexual couple must endure. These harms should not continue when the Court has held the laws that cause them are unconstitutional.

**B.     No Reason Exists To Maintain The Stay.**

When it granted the injunction, this Court also "stay[ed] execution of this preliminary injunction pending the final disposition of any appeal to the Fifth Circuit Court of Appeals." *De Leon*, 975 F. Supp. 2d at 666. When it subsequently refused to lift the stay in December 2014, it wrote:

> In its order imposing a stay in Mississippi, the Fifth Circuit addressed some of the same legal and practical concerns this Court considered when imposing the immediate stay in this case. As the Court noted, "considerations of intra-circuit uniformity and the avoidance of confusion, should this court lift the stay that is currently in place. . ." militate in favor of denying Plaintiffs' motion. [Citation] This Court shares the Fifth Circuit's concern that lifting the stay would cause an "inevitable disruption that would arise from a lack of continuity and stability in this important area of the law"

Order Denying Plaintiffs' Motion to Lift the Stay of Injunction at 5 [Dkt #91]. This Court explained that allowing marriages to take place might create confusion if the injunction were subsequently overturned by the Fifth Circuit. *Id.*

*Obergefell* moots these concerns. There is no longer any risk that same-sex marriages performed while the injunction is in place will fall into a legal netherworld. Under *Obergefell*, those marriages will be valid, and no action by the State or the Fifth Circuit will place them in limbo. The Supreme Court's ruling is controlling.

**C.     The State Will Suffer No Harm By Lifting The Stay.**

The State can claim no harm from lifting the stay of an injunction that this Court issued 16 months ago now that the Supreme Court has confirmed this Court's ruling was correct. Lifting

the stay will merely require the State to allow same-sex couples to marry and recognize their out-of-state marriages immediately, rather than permit further delay and violation of the constitutional rights of Plaintiffs and other same-sex couples.

## *Conclusion*

For the reasons set forth above, the Court should lift the stay of the injunction.

Respectfully submitted,

AKIN GUMP STRAUSS HAUER & FELD LLP

By: /s/ Barry A. Chasnoff
 Barry A. Chasnoff (SBN 04153500)
 bchasnoff@akingump.com
 Daniel McNeel Lane, Jr. (SBN 00784441)
 nlane@akingump.com
 Matthew E. Pepping (SBN 24065894)
 mpepping@akingump.com
 300 Convent Street, Suite 1600
 San Antonio, Texas 78205
 Phone: (210) 281-7000
 Fax: (210) 224-2035

 Jessica Weisel (Pro Hac Vice)
 jweisel@akingump.com
 2029 Century Park East, Suite 2400
 Los Angeles, California 90067
 Phone: (310) 229-1000
 Fax: (310) 229-1001

 Michael P. Cooley (SBN 24034388)
 mcooley@akingump.com
 1700 Pacific Ave., Suite 4100
 Dallas, Texas 75201
 Phone: (214) 969-2800
 Fax: (214) 969-4343

 Frank Stenger-Castro (SBN 19143500)
 208 Sir Arthur Ct.
 San Antonio, Texas 78213
 fstengerc@yahoo.com

 Attorneys for Plaintiffs

## CERTIFICATE OF CONFERENCE

I certify that counsel for Plaintiffs conferred with counsel for Defendants. Defendant Rickhoff joins in this motion, and the remaining Defendants are unopposed.

                                                By:    <u>/s/ Barry A. Chasnoff.</u>
                                                                     Barry A. Chasnoff

## CERTIFICATE OF SERVICE

I certify that on June 26, 2015, I served Defendants a copy of the foregoing document via the Court's ECF system.

                                                By:    <u>/s/ Barry A. Chasnoff</u>
                                                                      Barry A. Chasnoff