UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
SEP 0 1 2015
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY CLERK

CLEOPATRA DE LEON, NICOLE §
DIMETMAN, VICTOR HOLEMS, and §
MARK PHARISS, §
    Plaintiffs, §
§
v. §
§
GREG ABBOTT, in his official capacity as §    Cause No. SA-13-CA-00982-OLG
Governor of the State of Texas, KEN §
PAXTON, in his official capacity as Texas §
Attorney General, and KIRK COLE, in his §
official capacity as interim Commissioner of §
the Texas Department of State Health Services, §
    Defendants. §

## ORDER

Pending before this Court are State Defendants' Opposed Motion for Reconsideration of the Order dated August 5, 2015 (docket no. 106) and State Defendants' Emergency Motion to Rescind or, in the Alternative, to Quash the Court's August 5 Order Compelling the Attendance of the Interim Commissioner of the Department of State Health Services and the Texas Attorney General (docket no. 108).

On August 10, 2015, the Court held a telephonic status conference in which all parties in the above-styled case appeared by and through their counsel of record. The parties advised the Court that the death certificate of James H. Stone-Hoskins had been amended, as ordered by this Court. Furthermore, the Texas Attorney General's office advised the Court that in conjunction with the State Department of Health Services, it would issue policy guidelines related to the recognition of same-sex marriage in death and birth certificates, and assured that "the State and its agencies will fully be in compliance with [this Court's] final judgment that was issued on July 7th" (*see* docket no. 112, p. 15).

1

On August 11, 2015, the Court ordered State Defendants to submit an advisory: (1) notifying the Court they have created, issued, and implemented policy guidelines recognizing same-sex marriage in death and birth certificates issued in the State of Texas, and (2) assuring the Court that the Department of State Health Services has granted all pending applications for death and birth certificates involving same-sex couples, assuming the applications are otherwise complete and qualify for approval.

On August 12 and August 24, 2015, the Texas Attorney General's office filed advisories with the Court stating it had fully complied with this Court's August 11, 2015 order. Specifically, the Court received notification that "the Department of State Health Services issued an Action Memorandum implementing changes to vital records for vital events in compliance with the U.S. Supreme Court ruling in *Obergefell v. Hodges*, No. 14-566 (U.S. 2015), and this Court's July 7 ruling" (*see* docket no. 114). Also, the Attorney General's office notified this Court it had "created and implemented policy guidelines that comply with *Obergefell* and this Court's injunction, [] has granted complete applications that qualify for approval ... [and] has contacted persons with pending applications that require additional information or payment to complete" (*see* docket no. 115).

Based on this information, the Court is of the opinion that State Defendants have fully complied with this Court's orders and the Supreme Court's *Obergefell* opinion recognizing same-sex marriage. Accordingly, the Court finds the contempt hearing scheduled for September 10, 2015 is no longer necessary and is hereby VACATED. Furthermore, State Defendants' Motion for Reconsideration of the Order dated August 5, 2015 (docket no. 106) and Emergency Motion to Rescind or, in the Alternative, to Quash the Court's August 5 Order Compelling the

Attendance of the Interim Commissioner of the Department of State Health Services and the Texas Attorney General (docket no. 108) are hereby DENIED AS MOOT.[1]

Lastly, the Court notes that since the filing of Defendants' advisories, it has received mailings from individuals alleging that certain clerks across the State of Texas continue to deny marriage licenses to same-sex couples. These incidents have not been properly filed and are not before this Court. Nonetheless, the Court understands, as advised by the Attorney General's counsel during the August 10, 2015 telephonic conference, that the Attorney General does not intend to represent any clerk facing litigation for its failure to issue marriage licenses to same-sex couples (*see* docket no. 112, p. 14). The Court expects that Ken Paxton, as Texas Attorney General, and Kirk Cole, as interim Commissioner of the Texas Department of State Health Services, will utilize their unique positions to ensure proper implementation of the law across the State of Texas. Ensuring full compliance with this Court's July 7, 2015 final judgment and the Supreme Court's *Obergefell*'s decision will preclude the need for this Court's intervention and will allow Attorney General Paxton and Commissioner Cole to focus on other State affairs.

It is so ORDERED.

SIGNED this 1st day of September, 2015.

_____
United States District Judge Orlando L. Garcia

---

[1] For purposes of clarity, and in response to State Defendants' argument that the Court improperly granted Stone Hoskins' intervention in this case, the Court would like to remind State Defendants that the decision whether to allow a third party to permissively intervene in a lawsuit is *within the sound discretion of this Court.* *United States v. Texas*, 457 F.3d 472, 476 (5th Cir. 2006) (emphasis added). Stone Hoskins's intervention in this case did not unduly delay or prejudice the adjudication of the original parties' rights, but to the contrary, compelled State Defendants to promptly implement the necessary policy guidelines and to ensure full compliance with this Court's July 7, 2015 order and the Supreme Court's *Obergefell* decision.