IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CLEOPATRA DE LEON, NICOLE DIMETMAN, VICTOR HOLMES, and MARK PHARISS | § § § § § | |
| **Plaintiffs,** | § § | |
| | § | CIVIL ACTION NO. 5:13-cv-982-OLG |
| v. | § § | |
| GREG ABBOTT, in his official capacity as Governor of the State of Texas, KEN PAXTON, in his official capacity as Texas Attorney General, GERARD RICKHOFF, in his official capacity as Bexar County Clerk, and KIRK COLE, in his official capacity as interim Commissioner of the Texas Department of State Health Services | § § § § § § § § § | |
| **Defendants.** | § § | |

PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS

# TABLE OF CONTENTS

I.      PRELIMINARY STATEMENT                                                    1

II.     FACTUAL AND PROCEDURAL BACKGROUND                                        1

III.    ARGUMENT                                                                 4

        A.      Plaintiffs Are Entitled To Fees As Prevailing Parties            4

        B.      Plaintiffs' Attorneys' Fees Request Is Reasonable And Should Be Increased
                Under This Circuit's Formula For Fee Awards In Section 1983 Actions   9

                1.      Plaintiffs' Counsel's Hours Were Reasonably Incurred     10

                2.      Plaintiffs' Counsel's Hourly Rates Are Reasonable        14

                3.      The *Johnson* Factors Support An Increase In The Award   16

        C.      The Court Should Award Plaintiffs Their Costs                    18

IV.     CONCLUSION                                                               18

# TABLE OF AUTHORITIES

## Cases

*Bogan v. Baskin*, 135 S. Ct. 316 (2014) ........................................................................ 4

*Alberti v. Klevenhagen*,
    896 F.2d 927 (5th Cir. 1990) ................................................................ 10, 15

*Associated Builders & Contractors of Louisiana, Inc. v. Orleans Parish School Bd.*,
    919 F.2d 374 (5th Cir. 1990) .......................................................................... 18

*Baker v. Nelson*,
    409 U.S. 810 (1972) .......................................................................................... 3

*Bishop v. U.S. ex rel. Holder*,
    962 F. Supp. 2d 1252 (N.D. Okla. 2014) ........................................................ 2

*Blum v. Stenson*,
    465 U.S. 886 (1984) ........................................................................................ 15

*Bostic v. Rainey*,
    970 F. Supp. 2d 456 (E.D. Va. 2014) .............................................................. 2

*Bourke v. Beshear*,
    996 F. Supp. 2d 542 (W.D. Ky. 2014) ............................................................ 2

*Buckhannon Board & Care Home, Inc. v. W. Va. Dept. of Health & Human Res.*,
    532 U.S. 598 (2001) .......................................................................................... 6

*Catholic Leadership Coalition of Tex. v. Reisman*,
    No. A-12-CA-566-SS, 2015 U.S. Dist.
    LEXIS 10789 (W.D. Tex. Jan. 30, 2015) ...................................................... 16

*Davis v. Perry*,
    991 F. Supp. 2d 809 (W.D. Tex. 2014) .................................................... 14, 16

*De Leon v. Abbott*,
    No. 14-50196 (5th Cir. July 1, 2015) ............................................................... 4

*De Leon v. Perry*,
    975 F. Supp. 2d 632 (W.D. Tex. 2014) ........................................................... 3

*Farrar v. Hobby*,
    506 U.S. 103 (1992) .......................................................................................... 5

*FCC v. Beach Communications, Inc.*,
    508 U.S. 307 (1993) ........................................................................................ 13

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*,
   528 U.S. 167 (2000) ................................................................................ 7

*Giles v. GE*,
   245 F.3d 474 (5th Cir. 2001) ................................................................. 17

*Golinski v. U.S. Office of Pers. Mgmt.*,
   824 F. Supp. 2d 968 (N.D. Cal. 2012) ..................................................... 2

*Hanrahan v. Hampton*,
   446 U.S. 754 (1980) ................................................................................ 5

*Heidtman v. Cnty. of El Paso*,
   171 F.3d 1038 (5th Cir. 1999) ........................................................... 9, 15

*Heller v. Doe*,
   509 U.S. 312 (1993) .............................................................................. 13

*Hensley v. Eckerhart*,
   461 U.S. 424 (1983) ............................................................................ 4, 9

*Herbert v. Kitchen*,
   135 S. Ct. 265 (2014) .............................................................................. 4

*Hollingsworth v. Perry*,
   133 S. Ct. 2652 (2013) ............................................................................ 2

*Hollowell v. Orleans Reg'l Hosp. LLC*,
   217 F.3d 379 (5th Cir. 2000) ................................................................ 14

*Instone Travel Tech Marine & Offshore v. Int'l Shipping Partners, Inc.*,
   334 F.3d 423 (5th Cir. 2003) ................................................................... 5

*Jackson v. Host Int'l, Inc.*,
   426 F. App'x 215 (5th Cir. 2011) ............................................................ 5

*Johnson v. Georgia Highway Express, Inc.*,
   488 F.2d 714 (5th Cir. 1974) ................................................................... 9

*Kitchen v. Herbert*,
   961 F. Supp. 2d 1181 (D. Utah 2013) ..................................................... 2

*Lee v. Orr*,
   No. 13–8719, 2014 U.S. Dist.
   LEXIS 21620 (N.D. Ill. Feb. 21, 2014) ................................................... 3

*Lefemine v. Wideman*,
   133 S. Ct. 9 (2012) .................................................................................. 5

*Miller v. Carson*,
  563 F.2d 741 (5th Cir. 1977) ........................................................................ 5

*Morrow v. Dillard*,
  580 F.2d 1284 (5th Cir. 1978) ..................................................................... 5

*Norris v. Hartmarx Specialty Stores, Inc.*,
  913 F.2d 253 (5th Cir. 1990) ........................................................................ 5

*Obergefell v. Hodges*,
  135 S. Ct. 2584 (2015) ......................................................................... 4, 6, 7

*Obergefell v. Kasich*,
  No. 1:13–cv–501, 2013 U.S. Dist.
  LEXIS 106226 (S.D. Ohio July 22, 2013) ............................................. 2, 12

*Obergefell v. Wymyslo*,
  962 F. Supp. 2d 968 (S.D. Ohio 2013) ......................................................... 2

*Pedersen v. Office of Pers. Mgmt.*,
  881 F. Supp. 2d 294 (D. Conn. 2012) ........................................................... 2

*Perry v. Schwarzenegger*,
  704 F. Supp. 2d 921 (N.D. Cal. 2010) .......................................................... 2

*Prater v. Commerce Equities Mgmt. Co.*,
  No. H-07-2349, 2008 U.S. Dist.
  LEXIS 98795 (S.D. Tex. Dec. 8, 2008) ...................................................... 16

*Rainey v. Bostic*,
  135 S. Ct. 286 (2014) ................................................................................... 4

*Rhodes v. Stewart*,
  488 U.S. 1 (1988) ......................................................................................... 5

*Saizan v. Delta Concrete Prods. Co.*,
  448 F.3d 795 (5th Cir. 2006) ................................................................. 16, 17

*Schaefer v. Bostic*,
  135 S. Ct. 308 (2014) ................................................................................... 4

*Smith v. Bishop*,
  135 S. Ct. 271 (2014) ................................................................................... 4

*Texas State Teachers Assoc.v. Garland Indep. Sch. Dist.*,
  489 U.S. 782 (1989) ................................................................................. 4, 5

*United States ex rel. Cook-Reska v. Cmty. Health Sys.*,
   Civ. No. H-09-1565, 2015 U.S. Dist.
   LEXIS 57933 (S.D. Tex. May. 4, 2015) ................................................................. 16

*United States v. Windsor*,
   133 S. Ct. 2675 (2013) ................................................................................................ 2

*Univ. Amusement Co. v. Vance*,
   587 F.2d 159 (5th Cir. 1978) ...................................................................................... 4

*Walker v. U.S. Dep't of Housing & Urban Dev.*,
   99 F.3d 761 (5th Cir. 1996) ...................................................................................... 10

*Walker v. Wolf*,
   135 S. Ct. 316 (2014) .................................................................................................. 4

*Waters v. Ricketts*,
   No. 15-1452, 2015 U.S. App.
   LEXIS 14019 (8th Cir. Aug. 11, 2015) ................................................................. 6, 7

**Statutes**

42 U.S.C. § 1988 ............................................................................................................ 1, 4

## I.       Preliminary Statement

Pursuant to 42 U.S.C. § 1988 ("section 1988"), Plaintiffs Cleopatra De Leon, Nicole Dimetman, Victor Holmes, and Mark Phariss (collectively "Plaintiffs") move this Court for an award of attorneys' fees and costs.  Plaintiffs brought this action to obtain a declaration that Texas' laws prohibiting and voiding same-sex marriages were unconstitutional and to obtain an injunction enjoining Defendants from enforcing such laws.  As this Court knows, Plaintiffs obtained a preliminary judgment, which the Fifth Circuit affirmed, and a final judgment barring Defendants from continuing to enforce Texas' same-sex marriage laws.  Accordingly, Plaintiffs are entitled to an award of attorneys' fees and costs.  As reflected in the Declaration of Daniel McNeel Lane, Jr. ("Lane Decl."), Plaintiffs' request seeks attorneys' fees for time reasonably spent on this case at reasonable hourly rates, which are far below the rates Plaintiffs' counsel typically charge clients.  The costs Plaintiffs seek are types typically charged to clients and, therefore, recoverable under section 1988.

Accordingly, the Motion should be granted and Plaintiffs should be awarded $720,794.00 in attorneys' fees and $20,202.90 in costs.

## II.      Factual And Procedural Background

On October 28, 2013, Plaintiffs filed this action challenging provisions of the Texas Constitution and Family Code that prohibited same-sex couples from marrying and denied recognition to same-sex marriages lawfully performed in other states.  (Plaintiffs refer to these laws collectively as "Section 32.")[1]  Plaintiffs are two same-sex couples, one which sought to be married in Texas and the other which had been married in Massachusetts, and they challenged

---

[1]  The Texas laws that prohibit same-sex couples from marrying and declaring void lawful out-of-state marriages between same-sex couples included: (1) Family Code § 2.001, originally enacted in 1973 as Family Code § 1.01; (2) Family Code § 6.204, enacted in 2003; and (3) Article I, § 32 of the Texas Constitution, passed as H.J.R. 6 by the Legislature and approved by voters in November 2005.

Section 32 as a violation of their Fourteenth Amendment rights to due process and equal

protection.  Plaintiffs were the first Texans represented by counsel to challenge Section 32 after

the Supreme Court's decision in *United States v. Windsor*, 133 S. Ct. 2675 (2013).[2]  When this

case was filed, only one federal district court had found a state law prohibiting same-sex

marriages violated the Fourteenth Amendment.   In *Perry v. Schwarzenegger*, 704 F. Supp. 2d

921 (N.D. Cal. 2010), a district court had found California's ban on same-sex marriages

unconstitutional, but the appeals in that case were decided on other grounds.[3]  *See e.g.*,

*Hollingsworth v. Perry*, 133 S. Ct. 2652 (2013) (finding that petitioners lacked standing under

Article III).

      Plaintiffs filed a Motion for a Preliminary Injunction on November 22, 2015.  ECF No.

24.  The brief in support of the motion was 49 pages with over 800 pages of supporting evidence,

including detailed expert declarations, extensive legislative history surrounding the challenged

laws, and substantial historical and social science scholarship.  ECF Nos. 24-2-32, 25-1.  While

that motion was pending, district courts in other states struck down same-sex marriage laws.  *See*

*Kitchen v. Herbert*, 961 F. Supp. 2d 1181, 1195 (D. Utah 2013); *Bishop v. U.S. ex rel. Holder*,

962 F. Supp. 2d 1252, 1277 (N.D. Okla. 2014); *see also Bostic v. Rainey*, 970 F. Supp. 2d 456,

470 (E.D. Va. 2014); *Bourke v. Beshear*, 996 F. Supp. 2d 542 (W.D. Ky. 2014), *Lee v. Orr*, No.

---

[2]  *McNosky v. Perry*, No. 1:13-cv-00631, (W. D. Tex.), was filed on July 29, 2013 by *pro se* plaintiffs.
[3]  *Windsor*, *Pedersen v. Office of Pers. Mgmt.*, 881 F. Supp. 2d 294 (D. Conn. 2012),  and *Golinski v. U.S. Office of Pers. Mgmt.*, 824 F. Supp. 2d 968 (N.D. Cal. 2012), involved challenges to the federal Defense of Marriage Act.  In *Obergefell v. Kasich*, No. 1:13–cv–501, 2013 U.S. Dist. LEXIS 106226 (S.D. Ohio July 22, 2013), a district court in Ohio issued an injunction to require Ohio to recognize the out-of-state marriage of a terminally ill man so that he would be listed as married to his same-sex spouse on his death certificate.  A subsequent order, issued in December 2013, granted declaratory relief and a permanent injunction.  *Obergefell v. Wymyslo*, 962 F. Supp. 2d 968 (S.D. Ohio 2013).

13–8719, 2014 U.S. Dist. LEXIS 21620 (N.D. Ill. Feb. 21, 2014).[4]  On February 12, 2014, this Court held a hearing on the preliminary injunction motion.  ECF No. 59.

The Court granted the motion for preliminary injunction on February 26, 2014.  It agreed with Plaintiffs that they established a likelihood of success on the merits because Section 32 denied them equal protection and could not survive even the most deferential level of scrutiny, rational basis.  *De Leon v. Perry*, 975 F. Supp. 2d 632, 649-56 (W.D. Tex. 2014).  This Court also held that Section 32 violated due process, because it denied Plaintiffs their fundamental right to marry without satisfying a strict scrutiny analysis.  *Id.* at 656-60.  The refusal to recognize Plaintiffs De Leon's and Dimetman's marriage, likewise, deprived them of equal protection without rational basis.  *Id*. at 660-63.  Further, the Court found that the remaining standards for injunctive relief had been met and, thus, a preliminary injunction was warranted.[5]  *Id.* at 663-665.  The Court, however, stayed the preliminary injunction.  *Id.* at 666.

In the trial court, Plaintiffs also were forced to oppose Defendant Rickoff's Motion to Dismiss and the State Defendants' Motion to Transfer Venue, a motion to intervene by a third-party, and Defendants' efforts to consolidate this action with actions filed in the Austin Division of the Western District of Texas, which were denied by Judge Sparks.  Lane Decl. ¶ 11.

After this Court issued the injunction, Defendants filed an immediate appeal.  The appeal was fully briefed and argued on January 9, 2015.  Twenty-six amicus briefs were filed in support of Texas; twenty-eight amicus briefs were filed in support of Plaintiffs.  Lane Decl. ¶ 10.  While the matter was under submission with the Fifth Circuit, the Supreme Court granted *certiorari* to

---

[4]  *Bostic, Bourke*, and *Lee* were decided after the February 12, 2014 hearing on the Motion for Preliminary Injunction.
[5]  The Court also rejected some procedural arguments, holding that Plaintiffs had standing to challenge Section 32 and that the Supreme Court's 1972 summary dismissal in *Baker v. Nelson*, 409 U.S. 810 (1972), was no longer binding precedent.  *De Leon*, 975 F. Supp. 2d at 645-49.

four cases from the Sixth Circuit that raised challenges to state laws similar to Section 32.[6]  On

June 26, 2015, the Supreme Court held that such laws are unconstitutional.  *Obergefell v.

Hodges*, 135 S. Ct. 2584 (2015).  On the same day, the Court lifted the stay on its preliminary

injunction.  ECF No. 96.

Following *Obergefell*, the Fifth Circuit asked the parties in the instant case to identify the

most appropriate procedure for resolving the appeal.  Lane Decl. ¶ 13, Ex. 1.  Plaintiffs urged the

court to affirm the injunction and direct entry of judgment in Plaintiffs' favor.  *Id.* ¶ 14, Ex. 2.

Defendants agreed, advising the Court that it "should affirm the district court's preliminary

injunction in light of *Obergefell*" and should "resolve the merits of this case and instruct the

district court to enter a final judgment."  *Id.* ¶ 15, Ex. 3.  The Fifth Circuit adopted those

recommendations in an order dated July 1, 2015 (*De Leon v. Abbott*, No. 14-50196 (5th Cir. July

1, 2015)).  *Id.* ¶ 16, Ex. 4.  This Court entered judgment on July 7, 2015.  ECF No. 98.

## III.   Argument

### A.   Plaintiffs Are Entitled To Fees As Prevailing Parties

Under 42 U.S.C. § 1988, a "prevailing party" in an action brought under 42 U.S.C. §

1983 may be awarded reasonable attorney's fees and costs.  42 U.S.C. § 1988; *Univ. Amusement

Co. v. Vance*, 587 F.2d 159, 172 (5th Cir. 1978).  Civil rights plaintiffs are prevailing parties "if

they succeed on any significant issue in litigation which achieves some of the benefit the parties

sought in bringing the suit."  *Texas State Teachers Assoc.v. Garland Indep. Sch. Dist.,* 489 U.S.

782, 789 (1989) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)); *accord Hanrahan v.*

---

[6] On October 6, 2014, after Plaintiffs submitted their appellee brief but before Defendants submitted their reply brief to the Fifth Circuit, the Supreme Court denied certiorari in a host of cases out of the Fourth, Seventh, and Tenth Circuits regarding the validity of same-sex marriage bans. *See Herbert v. Kitchen*, 135 S. Ct. 265 (2014) (Utah); *Walker v. Wolf*, 135 S. Ct. 316 (2014) (Wisconsin); *Rainey v. Bostic*, 135 S. Ct. 286 (2014) (Virginia); *Schaefer v. Bostic*, 135 S. Ct. 308 (2014) (Virginia); *Smith v. Bishop*, 135 S. Ct. 271 (2014) (Oklahoma); *Bogan v. Baskin*, 135 S. Ct. 316 (2014) (Indiana).

*Hampton*, 446 U.S. 754, 756-58 (1980).  In other words, "the plaintiff must be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant." *Texas State Teachers Assoc.*, 489 U.S. at 792; *see also Lefemine v. Wideman*, 133 S. Ct. 9, 11 (2012) (plaintiff prevails "when actual relief on the merits of [the plaintiff's] claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff") (per curiam) (quoting *Farrar v. Hobby*, 506 U.S. 103, 111-12 (1992)).  The Supreme Court has "repeatedly held that an injunction or declaratory judgment, like a damages award, will usually satisfy that test."  *Lefemine*, 133 S. Ct. at 11 (citing *Rhodes v. Stewart*, 488 U.S. 1, 4 (1988) (per curiam)).[7]

There can be no dispute that Plaintiffs are "prevailing parties" under these standards. They successfully obtained an injunction against enforcement of Section 32, defended this Court's order on appeal, and obtained a judgment in their favor.  Same-sex marriages in Texas is now lawful and Plaintiffs and other same-sex couples are no longer denied their fundamental right to marry and have their marriages recognized.

---

[7]  A prevailing party in a section 1983 action also is entitled to recover fees for work in connection with an appeal.  *Morrow v. Dillard*, 580 F.2d 1284, 1300 (5th Cir. 1978) (civil rights plaintiff "is entitled to fees for appeal as well as those incurred during proceedings at the trial level."); *Miller v. Carson*, 563 F.2d 741, 756 (5th Cir. 1977) (section 1988 fees should "include[]the services performed for this appeal"); *Norris v. Hartmarx Specialty Stores, Inc.*, 913 F.2d 253, 257 (5th Cir. 1990) ("A long and consistent line of Fifth Circuit precedent allows awards of attorneys' fees for both trial and appellate work.").  The award of appellate fees is a matter for the district court.  *Instone Travel Tech Marine & Offshore v. Int'l Shipping Partners, Inc.*, 334 F.3d 423, 433 (5th Cir. 2003) ("Now that we have ruled in favor of Instone, the matter is ripe for adjudication.  We remand in order to allow the district court to make the initial determination and award of appellate attorney's fees."); *Norris*, 913 F.2d at 257 (remanding to the district court "to determine the amount of attorneys' fees to be granted to Norris for appellate work"); *Jackson v. Host Int'l, Inc.*, 426 F. App'x 215, 228 (5th Cir. 2011) ("The issue of appellate attorney's fees is a matter for the district court on remand following the resolution of the underlying appeal.").

Defendants have suggested that they will argue that Plaintiffs are not prevailing parties because the law changed as a result of the Supreme Court's ruling in *Obergefell*, a case that had not even been granted *certiorari* prior to the oral argument in the Fifth Circuit. No law or fact supports that contention. Section 32 only was declared unconstitutional in this case, and Section 32's continued enforcement was enjoined only in this case. The Court first declared it unconstitutional on February 26, 2014, but it stayed its decision at that time. ECF No. 73. It subsequently lifted its stay on June 26, 2015—which required Defendants' immediate compliance—and entered final judgment on July 7, 2015. ECF Nos. 96, 98. By any standard, Plaintiffs prevailed.

Defendants' argument appears to be a misapprehension of *Buckhannon Board & Care Home, Inc. v. W. Va. Dept. of Health & Human Res.*, 532 U.S. 598 (2001), which held that the plaintiffs were not entitled to attorneys' fees when the defendants' voluntary action mooted the case. In *Buckhannon*, the plaintiffs challenged a state law requirement for assisted living facilities, contending it violated the Americans with Disabilities Act. While the case was pending, the West Virginia Legislature eliminated the requirement. In holding that the plaintiffs were not entitled to attorneys' fees as a prevailing party, the Supreme Court held that the plaintiffs could not recover because there was "no judicially sanctioned change in the legal relationship of the parties." *Id.* at 605. "A defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial *imprimatur* on the change." *Id.* (original emphasis).

The Eighth Circuit considered and rejected the argument that *Obergefell* mooted a same-sex marriage challenge in another circuit. *Waters v. Ricketts*, No. 15-1452, 2015 U.S. App. LEXIS 14019, *7-9 (8th Cir. Aug. 11, 2015) (per curiam). The *Waters* court explained that, in

*Obergefell*, "the Supreme Court specifically stated that 'the State laws *challenged by Petitioners in these cases* are now held invalid'" and did not invalidate Nebraska's law, the law being challenged in *Waters*. *Id*. at *7 (emphasis in original) (quoting *Obergefell*, 135 S. Ct. at 2605). It further held that the state's "assurances of compliance with *Obergefell* do not moot the case" because the state had not established that the challenged conduct would not recur and injunctive relief might still be required. *Id*. at *8 (citing *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc*., 528 U.S. 167, 190 (2000) ("[A] defendant claiming that its voluntary compliance moots a case bears the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur.").)

Defendants' conduct refutes any argument that they voluntarily ceased their unconstitutional conduct. Indeed, Defendants Abbott, Paxton, and Cole's (the "State Defendants") actions have only shown the necessity of this Court's injunction. As this Court is well-aware, weeks after this Court issued its injunction, the State Defendants refused to issue an amended death certificate recognizing a legal same-sex marriage. ECF No. 104. The certificate was issued only after this Court ordered the State Defendants to comply with the judgment and permanent injunction. ECF No. 105. At the teleconference of counsel, the Court also identified numerous examples of Texas' failure to issue birth certificates and even reported that the court had been contacted by people reporting that some Texas counties were still not issuing same-sex marriage licenses. Lane Decl. ¶ 17, Ex. 5 at pp. 6 – 7. In response to this Court's inquiries, counsel for the Department of State Health Services represented that it was preparing to issue policy guidelines that "will fully be in compliance with Your Honor's final judgment that was issued on July 7th." *Id*. at p. 15. The Court then directed Defendants to file an advisory "notifying the Court they have created, issued, and implemented policy guidelines recognizing

same-sex marriage in death and birth certificates" and "assuring the Court that the Department of State Health Services has granted all pending applications for death and birth certificates involving same-sex couples, assuming the applications are complete and qualify for approval." ECF No. 117 at 2.

Defendant Paxton's conduct further highlights the need for this Court's injunction.  After the Court lifted the stay on its preliminary injunction, Defendant Paxton advised county clerks that they could refuse to perform same-sex marriages on religious grounds and even suggested that attorneys would provide free legal defenses to clerks who were sued.  ECF No. 109-2, Ex. B. Citing the Attorney General's statement, the Hood County clerk refused to issue same-sex marriages in Hood County until a lawsuit was filed on July 6, 2015.  *See* Complaint, *Cato v. Lang*, No. 4:15-cv-491 (N.D. Tex. filed July 6, 2015).  Similarly, Defendant Paxton's office continues to litigate *In re Estate of Stella Marie Powell*, No. C-1-PB-14-001695 (Probate Court No. 1, Travis County), a probate proceeding concerning a purported common law same-sex marriage.  *See* Lane Decl. ¶ 18, Ex. 6 (Petition for Writ of Mandamus, *In re Estate of Stella Marie Powell* (Tex.) filed Feb. 17, 2015).  In the underlying lawsuit and while this case was pending, the probate court declared Section 32 unconstitutional.  The Attorney General intervened, stating that the State's justiciable interest was the challenge to Section 32.  *Id.* at 9. Despite the fact that Section 32 is unconstitutional and no longer defensible, the Attorney General continues to seek a determination that the common law same-sex marriage at issue in that case is not valid. Indeed, Defendant Paxton filed a motion for summary judgment in that case on August 25.  *See* Lane Decl. ¶ 19, Ex. 7 (Traditional and No-Evidence Motion for Summary Judgment of the State of Texas, *In re Estate of Stella Marie Powell* (Probate Court No. 1, Travis County filed Aug. 25, 2015)).

All told, Defendants' conduct belies any argument that this Court's injunction and declaration were not necessary.  Indeed, Defendants agreed with Plaintiffs that the Fifth Circuit should affirm the injunction and judgment should be entered in Plaintiffs' favor; Defendants never argued that *Obergefell* rendered Plaintiffs' claims moot.  The end result of this case—a judgment and permanent injunction against Defendants' enforcement of Section 32—is a "judicially sanctioned change," not a voluntary cessation of conduct.  Accordingly, this Court should find Plaintiffs are prevailing parties and entitled to their attorneys' fees and expenses.

### B. Plaintiffs' Attorneys' Fees Request Is Reasonable And Should Be Increased Under This Circuit's Formula For Fee Awards In Section 1983 Actions

The Fifth Circuit uses a two-step process to calculate attorney's fees.  *Heidtman v. Cnty. of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999).  First, a court calculates a "lodestar" figure "by multiplying the number of hours reasonably expended by an appropriate hourly rate in the community for such work."  *Id.*  Calculating the lodestar does not end the inquiry.  Other considerations may persuade the district court to increase or decrease a fee award.  *Hensley*, 461 U.S. at 434.  This court may increase or decrease the lodestar figure based on the factors set forth in *Johnson v. Georgia Highway Express, Inc*., 488 F.2d 714, 717-19 (5th Cir. 1974).  *Heidtman*, 171 F.3d at 1043.  Those factors are: "(1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) the award in similar cases."  *Id*. at 1043 n.5 (citing *Johnson*, 488 F.2d at 717-19).

1.     Plaintiffs' Counsel's Hours Were Reasonably Incurred

As the first step in the process, a court in this circuit determines the reasonable number of hours that the attorneys spent on the case by reviewing the attorneys' time records.  *Alberti v. Klevenhagen*, 896 F.2d 927, 930 (5th Cir. 1990), *vacated in part on other grounds*, 903 F.2d 352 (5th Cir. 1990).  Analyzing counsel's time, the court considers whether the attorneys demonstrated proper billing judgment by "writing off unproductive, excessive, or redundant hours."  *Walker v. U.S. Dep't of Housing & Urban Dev.*, 99 F.3d 761, 769 (5th Cir. 1996).

Attached to the Declaration of Daniel McNeel Lane are tables consisting of time entries maintained by Plaintiffs' counsel.  In total, from the initial preparation of this case through the appeal and entry of judgment, Plaintiffs seek an award of fees for 1706.80 hours of attorney and paralegal time expended on this case.

This time broadly breaks down into ten general categories, reflecting different types of work performed in connection with the District Court proceedings and Fifth Circuit appeal. Lane Decl. ¶ 23.  These categories and corresponding hours are:

| CATEGORY OR PROJECT | TOTAL TIME |
|---|---|
| Pre-Filing Investigation, Preliminary Research, Preparation Of Complaint | 179.5 |
| Identify And Work With Experts | 35.3 |
| Prepare Preliminary Injunction Motion and Supporting Evidence | 249.4 |
| Preliminary Injunction Reply And Hearing/Respond To Texas Values' Amicus Efforts | 200.6 |
| Ancillary District Court Proceedingss - Motion to Dismiss; Opposing Consolidation/Transfer, Rule 26(f) | 104.6 |
| Appellate Briefing/Work with Amici | 405.3 |
| Appellate Motions | 84.5 |

| | |
|---|---|
| Oral Argument Preparation And Attendance | 312.1 |
| Post-Oral Argument: Follow Supreme Court Developments/Further Stay-Related Issues/Post-Obergefell Work | 79.7 |
| Motion for Attorneys' Fees | 55.8 |
| **TOTAL** | 1706.8 |

Lane Decl. ¶ 23, Exs. 8-18.

Plaintiffs exercised substantial billing judgment in their requested fees. For instance, Plaintiffs declined to include the work of more than 15 attorneys and paralegals who provided short-term assistance during the case. In addition, Plaintiffs carefully scrutinized these bills and removed numerous entries that contained: (1) time incurred dealing with the significant media interest in this case; (2) time spent in teleconferences between attorneys and clients; (3) time spent on an amicus brief in the Fifth Circuit that was never filed; and (4) time incurred to represent the intervenor seeking enforcement of this Court's injunction. *Id.* ¶ 25. In total, more than 700 hours of time billed on this matter – more than 35% of the total hours—have been removed from the request. *Id.* ¶ 26.

As part of this exercise of billing judgment, Defendants removed substantial time that undoubtedly is recoverable because that time was in a billing entry with a category of time that it has chosen to remove. Numerous time entries were deleted entirely if such time was included, even if the amount of time expended on task outside this request was included a small percentage of the time expended by that attorney that day. Lane Decl. ¶¶ 33-35 (providing examples of days when several hours of time were removed because one part of the entry fell outside the scope of this Motion). Plaintiffs also reduced the time incurred by the attorney who argued the Fifth Circuit appeal on several days leading up to and including the oral argument, because he also responded to media inquiries on those days. *Id.* ¶ 35. The time on each of the days was reduced

11

by 25%, even though the amount of time spent on media-related tasks was less than 25% of the time incurred on those dates.  *Id*.  The time spent on this case was reasonably and necessarily incurred.  This was a case of major significance, which greatly expanded the rights of same-sex couples throughout Texas.  The District Court and appellate briefing encompassed numerous issues: whether Section 32 violated equal protection under different degrees of scrutiny; the type of scrutiny that should be applied to equal protection claims raised by gays and lesbians; whether same-sex couples have a fundamental right to marry the person of their choosing; Texas' potential justifications for Section 32 and why they failed to survive rational basis review; the applicability of *Baker v. Nelson*; and standing, among others.  Further, in its successful defense of the appeal, Plaintiffs had to marshal amicus support for its position and necessarily incurred time coordinating the numerous amicus briefs filed in their support.

Defendants may argue that the likelihood that the Supreme Court would decide the constitutionality of laws like Section 32 somehow rendered Plaintiffs' counsel's work unnecessary, but Defendants would be wrong.  When this case was filed, the injunction issued, and the appeal filed, nobody knew if the Supreme Court would consider the constitutionality of state same-sex marriage prohibitions.  Indeed, at the time the case was filed, only a single federal district court in California had found a state law prohibiting same-sex marriages unconstitutional and no federal district court, let alone circuit court of appeal, had rendered such an opinion post-*Windsor*.[8]  Moreover, as discussed above, the State Defendants' conduct demonstrated the necessity of this Court's orders to protect same-sex couples' constitutional right to marry.

---

[8]  Only *Obergefell v. Kasich*, No. 1:13–cv–501, 2013 U.S. Dist. LEXIS 106226 (S.D. Ohio July 22, 2013), had granted a temporary restraining order, but that decision only addressed a state's refusal to recognize an out-of-state marriage.

In the meet-and-confer, Defendants expressed the view that the time on the injunction was excessive and that Plaintiffs should not have employed experts in connection with their challenge.  While substantial time was incurred preparing the pleadings, that time should be found reasonable.  This was a critically important case that presented new issues, multiple grounds for finding Section 32 unconstitutional, legislative history surrounding multiple statutes and a constitutional amendment, and different potential standards for evaluating constitutionality, e.g., rational basis versus heightened scrutiny as the test for the equal protection challenge.

As for the experts, their declarations were critical for establishing the possible heightened scrutiny standard and for disputing any argument that Section 32 served any state interest. Indeed, if the Court recalls, Defendants argued that Plaintiffs had to "negative *every conceivable basis* which might support [the law] [citation]" and "Texas 'has no obligation to produce evidence to sustain the rationality of a statutory classification' [citations.]"  Opp. to Preliminary Injunction (ECF No. 40 at 17 (quoting *FCC v. Beach Communications, Inc.*, 508 U.S. 307, 315 (1993), and *Heller v. Doe*, 509 U.S. 312, 320 (1993))).  Defendants cannot complain now that Defendants expended significant resources to refute the possible justifications Defendants might offer for Section 32.

Similarly, Defendants cannot complain about the time incurred to defend the injunction on appeal.  Defendants chose to appeal this Court's ruling, marshalled dozens of amicus curiae to support their position, and opposed Plaintiff's requests to lift the stay of the injunction, including for the limited purpose of directing Defendant Cole to issue a birth certificate that recognized Plaintiff De Leon as the mother of her child with Plaintiff Dimetman.  All told, Defendants fought tooth and nail to maintain Section 32; that Plaintiffs extensively researched and responded to Defendants' Appellants' Brief and the amicus curiae briefs was eminently reasonable.

13

Defendants also have indicated that they will object to the request because the time entries did not have separate entries for every task, but combine time entries on a single day in blocks.  However, "'[a] reduction for block billing is not automatic.'"  *Davis v. Perry*, 991 F. Supp. 2d 809, 836 (W.D. Tex. 2014) (declining to reduce for block billing because "the entries are sufficiently specific and allow the Court to determine whether the total represents a reasonable amount of time"), *reversed on other grounds sub nom Davis v. Abbott*, 781 F.3d 207 (2015); *see also Hollowell v. Orleans Reg'l Hosp*. LLC, 217 F.3d 379, 392 n.18 (5th Cir. 2000) (refusing to reduce for block-billing).  Here, the Court has ample descriptions from which it can determine if the time expended was reasonable.  Moreover, as demonstrated above, Defendants have already removed entire block-billed entries, even if only a small part of that time was subject to dispute.

Accordingly this Court should find the time expended by Plaintiffs' counsel was reasonable.

2.     Plaintiffs' Counsel's Hourly Rates Are Reasonable

Plaintiffs request that this Court set hourly rates for the following attorneys and paralegals as follows:

| Name of Attorney or Paralalegal | Position | Years of Experience | Customary Hourly Rate | Requested Hourly Rate | Total Hours |
|---|---|---|---|---|---|
| Barry Chasnoff | Partner/General Counsel of Akin Gump | 40 years | $980.00 | $500.00 | 73.7 |
| Daniel McNeel Lane | Partner | 25 years | $825.00 | $500.00 | 259.7 |
| Pratik Shah | Partner/Co-Chair Akin Gump Supreme Court and Appellate Practice | 14 years | $875.00 | $500.00 | 31.6 |

| Michael Cooley | Senior Counsel | 16 years | $750.00 | $460.00 | 145.4 |
|---|---|---|---|---|---|
| Jessica Weisel | Senior Counsel | 20 years | $675.00 | $430.00 | 474.4 |
| Andrew Newman | Counsel | 8 years | $675.00 | $400.00 | 84.4 |
| Matthew Pepping | Counsel | 7 years | $660.00 | $400.00 | 573.6 |
| Frank Stenger-Castro | Former Akin Gump Deputy General Counsel | 42 years | $600.00 | $365.00 | 20.5 |
| Risa Slavin | Paralegal | 26 years | $275.00 | $165.00 | 11.7 |
| Lisa Wehland | Paralegal | 35 years | $225.00 | $135.00 | 31.8 |
| **TOTAL** | | | | | 1706.8 |

A party seeking attorneys' fees bears the burden of justifying the reasonableness of its requested hourly rate. *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). A reasonable hourly rate is that rate in the community for such legal services rendered by attorneys of comparable skill, experience, and reputation. *Alberti*, 896 F.2d at 936; *Heidtman*, 171 F.3d at 1043. A reasonable hourly rate should be in accord with rates "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum*, 465 U.S. at 895 n.11.

The hourly rates requested are reasonable under this standard. As set forth in the Declarations of Saul Perloff and Carlos Soltero, attorneys who practice regularly in the Western District of Texas, the requested hourly rates for the above attorneys fall within the range of hourly rates charged by attorneys of similar skill, experience and reputation in connection with civil rights cases. Declaration of Saul Perloff, ¶¶ 7-10; Declaration of Carlos R. Soltero, ¶¶ 13-16.

Moreover, the hourly rates requested represent a substantial discount from the rates Plaintiffs' counsel typically charge their clients.  Lane Decl. ¶ 38.  Most of the requested rates have been discounted by approximately 40% and one attorney's requested rate are approximately half his customary rate.  *Id*.

Case law supports a finding that the requested hourly fall within the range of reasonable rates.  Only a few months ago, in false claims act litigation, a court in the Southern District of Texas awarded hourly rates of $550 for attorneys with 32 and 29 years of experience, $300 for other attorneys with five or more years of experience, and $125 for paralegals.  *United States ex rel. Cook-Reska v. Cmty. Health Sys*., Civ. No. H-09-1565, 2015 U.S. Dist. LEXIS 57933 (S.D. Tex. May. 4, 2015).  Cases in this district have used hourly rates generally consistent with the rates requested by Plaintiffs.  *Davis v. Perry*, 991 F. Supp. 2d at 848-49 (in voting rights act case, awarding rates of $418 for experienced attorneys and Washington, D.C. partners of national firm, $324 for senior associate, and $252 for fourth-year associates); *e.g.*, *Catholic Leadership Coalition of Tex. v. Reisman*, No. A-12-CA-566-SS, 2015 U.S. Dist. LEXIS 10789, *13 (W.D. Tex. Jan. 30, 2015) (using rates of $300 and $285 per hour to lead counsel that defendant did not dispute in awarding fees under Section 1988).

Accordingly, this Court should find the requested hourly rates reasonable.

3.    The *Johnson* Factors Support An Increase In The Award

Applying the *Johnson* factors, this Court should increase the award.  "Of the *Johnson* factors, the court should give special heed to the time and labor involved, the customary fee, the amount involved and the result obtained, and the experience, reputation and ability of counsel." *Saizan v. Delta Concrete Prods. Co*., 448 F.3d 795, 800 (5th Cir. 2006).  "The most important factor to consider is the results obtained."  *Prater v. Commerce Equities Mgmt. Co.*, No. H-07-2349, 2008 U.S. Dist. LEXIS 98795, *8 (S.D. Tex. Dec. 8, 2008); *see also Giles v. GE*, 245 F.3d

16

474, 491 n.31 (5th Cir. 2001) ("The district court correctly focused on the weightier factors in the *Johnson* analysis, with emphasis on the most important factor, the result obtained.").

Here, Plaintiffs' achieved overwhelming success—a permanent injunction against enforcement of Section 32 in its entirety for not just Plaintiffs, but for all gay and lesbian Texans who seek to exercise their fundamental right to marry. Plaintiffs prevailed in both this Court and in the Fifth Circuit on an important civil rights case that was brought with no clear precedent supporting the outcome.

The remaining special factors also support an increase. As Plaintiffs' counsel's billing records reflect, significant time and labor was involved in this case. This was a high-profile matter, with tremendous stakes for not only Plaintiffs, but all current and future gay and lesbian citizens of Texas. As discussed above, the importance of the case, the complexity of the issues, and the lack of clear precedent required Plaintiffs' counsel to expend substantial time to make sure that every issue was carefully researched and presented compellingly. Plaintiffs also are seeking substantially less than the customary hourly rates of their counsel, who are highly experienced litigators and appellate practitioners.

Plaintiffs recognize that the Fifth Circuit has cautioned against applying a *Johnson* factor that is already incorporated in the lodestar. *Saizan*, 448 F.3d at 800 ("The lodestar may not be adjusted due to a *Johnson* factor, however, if the creation of the lodestar amount already took that factor into account; to do so would be impermissible double counting."). The Court may consider the time and labor expended, experience of counsel, and customary fee in setting the lodestar. However, if this Court were to reduce the hourly rates or the total hours in its lodestar calculation, those factors would then weigh in favor of an increased award.

### C.      The Court Should Award Plaintiffs Their Costs

As the prevailing party in this case, Plaintiffs are not limited to the costs set forth in 28 U.S.C. § 1920.  "All reasonable out-of-pocket expenses, including charges for photocopying, paralegal assistance, travel, and telephone, are plainly recoverable in section 1988 fee awards because they are part of the costs normally charged to a fee-paying client."  *Associated Builders & Contractors of Louisiana, Inc. v. Orleans Parish School Bd.*, 919 F.2d 374, 380 (5th Cir. 1990).

Plaintiffs seek $20,202.90 in total costs.  The bulk of costs requested were incurred for expert witnesses and travel by counsel to arguments in this Court and in the Fifth Circuit.  Lane Decl., ¶¶ 52-61, Exs. 20-26.   The remaining costs are primarily for filing fees, courier services, duplicating costs.  *Id.*  These costs customarily are charged to paying clients.  *Id.* ¶ 56. Consequently, Plaintiffs are entitled to recover them under Section 1988.

## IV.   Conclusion

For the foregoing reasons, Plaintiffs respectfully request that this Court award $720,794.00 in attorneys' fees and $20,202.90 in costs.

Dated:  September 4, 2015                    Respectfully submitted,

                                            AKIN GUMP STRAUSS HAUER & FELD LLP


                                            By:____/s/ Daniel McNeel Lane, Jr._____
                                                 Barry A. Chasnoff (SBN 04153500)
                                                 bchasnoff@akingump.com
                                                 Daniel McNeel Lane, Jr. (SBN 00784441)
                                                 nlane@akingump.com
                                                 Matthew E. Pepping (SBN 24065894)
                                                 mpepping@akingump.com
                                                 300 Convent Street, Suite 1600
                                                 San Antonio, Texas 78205
                                                 Phone: (210) 281-7000
                                                 Fax: (210) 224-2035

                                                 Jessica Weisel (Pro Hac Vice)
                                                 jweisel@akingump.com
                                                 2029 Century Park East, Suite 2400
                                                 Los Angeles, California 90067
                                                 Phone: (310) 229-1000
                                                 Fax: (310) 229-1001

                                                 Michael P. Cooley (SBN 24034388)
                                                 mcooley@akingump.com
                                                 1700 Pacific Ave., Suite 4100
                                                 Dallas, Texas 75201
                                                 Phone: (214) 969-2800
                                                 Fax: (214) 969-4343

                                                 Frank Stenger-Castro (SBN 19143500)
                                                 208 Sir Arthur Ct.
                                                 San Antonio, Texas 78213
                                                 fstengerc@yahoo.com


                                                 Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I certify that on September 4, 2015, I served Defendants a copy of the foregoing

document via the Court's ECF system.

By:   /s/ Daniel McNeel Lane, Jr.
        Daniel McNeel Lane, Jr.

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel has complied with the meet and confer requirement in Local

Rule CV-7(i), and this motion is opposed.  Counsel for Plaintiffs conferred with Counsel for

Defendants via email beginning on July 20, 2015, and telephonically on July 30, 2015.  Counsel

for Defendants stated that they are opposed to this motion.

By:    /s/ Daniel McNeel Lane, Jr.
        Daniel McNeel Lane, Jr.