# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CLEOPATRA DE LEON, NICOLE DIMETMAN, VICTOR HOLMES, and MARK PHARISS, | § § § | |
| Plaintiffs, | § | |
| v. | § | CIVIL ACTION NO. 5:13-CV-982-OLG |
| | § | |
| RICK PERRY, in his official capacity as Governor of the State of Texas, GREG ABBOTT, in his official capacity as Texas Attorney General, GERARD RICKHOFF, in his official capacity as Bexar County Clerk, and DAVID LAKEY, in his official capacity as Commissioner of the Texas Department of State Health Services, | § § § § § § § § § | |
| Defendants. | § | |

---

## STATE DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR ATTORNEY'S FEES AND COSTS

---

Defendants Greg Abbott[1], in his official capacity as Governor, Ken Paxton[2], in his official capacity as Texas Attorney General, and Kirk Cole[3], in his official capacity as Interim Commissioner of the Texas Department of State Health Services (collectively, "State Defendants") file this Response to Plaintiffs' Motion for Attorney's Fees and Costs (Doc. 118) (Mot. Atty's Fees"). Plaintiffs seek an award of attorney's fees in the amount of $720,794.00 for 1706.80 hours, and costs in the amount of $20,202.90, pursuant to 42 U.S.C. § 1988. *See* Mot. Atty's Fees at 1, 11.

---

[1] Greg Abbott was recently elected as Governor of Texas, taking the place of Rick Perry.
[2] Ken Paxton was recently elected as Texas Attorney General, taking the place of Greg Abbott.
[3] As of January 2015, the position of Commissioner of the Texas Department of State Health Services is vacant. Kirk Cole is serving as the Interim Commissioner.

The award of attorney's fees and costs to Plaintiffs should be reduced substantially because (1) the time entries reflect only limited billing judgment; (2) they seek fees at excessive hourly rates; (3) they seek excessive and duplicative fees and expenses; (4) they seek non-compensable fees and expenses; (5) they seek fees and expenses for irrelevant matters; and (6) their time entries are riddled with block-billing and vague entries. *See* Exhibit "A" (State Defendants' summary of objectionable entries), *and* Exhibit "B" (coding designations for objectionable entries).

## ARGUMENT

### I.   Plaintiffs Seek an Unreasonable Award of Attorney's Fees and Expenses that Must be Rejected or Substantially Reduced, Even if They are Prevailing Parties.

Although final judgment was entered for Plaintiffs, Plaintiffs must still prove that their request for fees is reasonable. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983), *abrogated on other grounds by Gisbrecht v. Barnhart,* 535 U.S. 789, 795-805 (2002). The Fifth Circuit follows a two-step process in making this determination. First, the court calculates the "lodestar" amount by "multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." *Rutherford v. Harris Cnty, Tex.*, 197 F.3d 173, 192 (5th Cir. 1999). Second, the Court considers whether the lodestar should be adjusted upward or downward, depending on the circumstances of the case, and the factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).[4] The party seeking an award of attorney's

---

[4] The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the question presented; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount

fees pursuant to the lodestar method bears the burden of justifying any fee award. *See Saizan v. Delta Concrete Prods. Co., Inc.,* 448 F.3d 795, 799 (5th Cir.2006).

## II. Plaintiffs' Fee Request Should be Reduced as a Matter of Law for Non-Compensable Time.

Before examining Plaintiffs' lodestar calculation, Plaintiffs' fee request must be reduced to account for billings and expenses not permitted by law. Many of the time entries, approximately 172 hours overall, submitted by Plaintiffs' counsel are non-compensable as a matter of law. *See* Exhibit "A-1". Included within these time entries are billings for work done in connection with supporting amicus briefs, fees associated with the Motion to Dismiss filed by Defendant Rickhoff, and fees associated with the Chris Sevier intervention. Additionally, to the extent the Court finds that purely clerical work is non-recoverable, the fee award should further be reduced by 114.80 hours. *See* Exhibit "A-4".

### A. Work Done in Connection with Supporting Amicus Briefs Should be Rejected.

As a matter of law, Plaintiffs' counsel may not be compensated for work done in connection with supporting amicus briefs. The only circuit court to address this issue prohibited the district court from awarding fees to prevailing parties "for time their counsel spent in connection with amicus briefs supporting their position." *Glassroth v. Moore,* 347 F.3d 916, 918 (11th Cir. 2003). In denying recovery for attorney's fees and expenses for work done in connection with supporting amicus briefs, the court

---

involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson*, 488 F.2d at 717-19.

reasoned that "[a]n organization or group that files an amicus brief on the winning side is not entitled to attorney's fees and expenses as a prevailing party, because it is not a party. We will not allow that result to be changed by the simple expedient of having counsel for a party do some or all of the amicus work." *Id.* at 919. Specific examples provided by the *Glassroth* court of non-compensable time include "enlisting various organizations to appear as amici; suggesting potential signatories for the briefs; working on, supervising, and reviewing the amicus briefs; and seeing that they were mailed on time." *Id.* The court found that "[a] reasonable amount of time spent reading and responding to opposing amicus briefs is, of course, compensable." *Id.*

Based on the ruling in *Glassroth,* the district court in *Bishop v. Smith,* No. 04-CV-848-TCK-TLW, 2015 WL 4086356, at *9 (N.D. Okla. May 1, 2015), which involved a review of an attorney's fee request in a same-sex marriage case challenging Oklahoma's constitutional amendment defining marriage, adopted fee-shifting rules regarding time spent in connection with supporting amicus briefs. The court held that "pre-filing activities must be carefully scrutinized and are not compensable if they constitute brainstorming potential amici, strategizing regarding potential amici, coordinating potential amici, soliciting potential amici, or drafting/editing an amicus brief." *Id.* Plaintiffs assert that they "had to marshal amicus support for its position and necessarily incurred time coordinating the numerous amicus briefs filed in their support." *See* Mot. Atty's Fees at 12; *see also* Declaration of Daniel McNeel Lane (Doc. 119) at ¶ 29. Based on the guidance in *Glassroth* and *Bishop,* Plaintiffs' fee request should be reduced by 114.10 hours as documented in Exhibit "A-2".

**B.**     **Fees Associated with Defendant Rickhoff Should be Rejected.**

Any fees or costs related to Defendant Rickhoff should be denied because Plaintiffs and Rickhoff entered an agreement that Plaintiffs would not seek any fees or expenses against Defendant Rickhoff. *See* Plaintiffs' Notice Regarding Attorneys' Fees and Costs (Doc. 126). Although Plaintiffs' counsel identifies the hours that should be reduced from the fee award, the State Defendants have identified additional entries relating to this matter that total approximately 25 hours. *See* Exhibit "A-3". The State Defendants should not be required to pay Defendant Rickhoff's share of legal fees and costs since State Defendants did not represent him.

**C.**     **Fees Associated with the Chris Sevier Intervention Should Be Rejected.**

During the appeal to the Fifth Circuit, Chris Sevier sought to intervene in the lawsuit to join in with the Plaintiff's briefs and to participate in oral argument. *See* Chris Sevier's Motion to Intervene (Doc. 00512664337). The Fifth Circuit denied Sevier's Motion to Intervene on June 27, 2014. *See* Order (Doc. 00512678955). Although Sevier sought to intervene on behalf of the Plaintiffs, the Plaintiffs now improperly attempt to shift the fees, 13.80 hours, associated with Sevier's intervention to the State Defendants. *See* Exhibit "A-5".

As this Court held in *Hopwood v. State of Tex.,* 999 F.Supp. 872, 913-14 (W.D. Tex. 1998) *aff'd in part, rev'd in part sub nom. Hopwood v. State of Texas*, 236 F.3d 256 (5th Cir. 2000), "plaintiffs are not prevailing parties as against the defendants on the issue of intervention" and "they are not entitled to attorneys' fees for time spent litigating that issue." This Court noted that several circuit courts have read

*Independent Fed. of Flight Attendants v. Zipes,* 491 U.S. 754, 761, 109 S.Ct. 2732, 2737, 105 L.Ed.2d 639 (1989), to "imply that plaintiffs should bear the risk of incurring intervention-related costs as a result of filing a lawsuit and have therefore extended *Zipes's* holding to a prevailing party's claims for intervention-related expenses to the losing defendant." *Id.* Accordingly, the Court should reject this improper fee-shifting and disallow the fees for the Sevier intervention.

### D.   Fees Associated with Purely Clerical Tasks Should be Rejected.

The Court must reject an award of fees for purely clerical work. *See Burnley v. City of San Antonio,* 2004 WL 2397575, *4 (W.D. Tex. Sept. 15, 2004), *aff'd as to attorney's fees,* 470 F.3d 189, 200 (5th Cir. 2006) (holding that the court must not award fees for clerical or secretarial tasks, regardless of whether they are performed by an attorney, paralegal, or secretary); *see also Allen v. U.S. Steel Corp.,* 665 F.2d 689, 697 (5th Cir. 1982) (paralegal tasks are recoverable only to the extent that the duties performed were similar to those typically performed by an attorney); *see also In re Witts,* 180 B.R. 171, 173 (E.D. Tex. 1995) (disallowing recovery of paralegal time for proofreading and revising documents). Accordingly, the Court should further reduce Plaintiffs' fee request by 114.80 hours for the performance of purely clerical hours that are non-recoverable as depicted in Exhibit "A-4".

### III.   Plaintiffs' Counsel Did Not Expend a Reasonable Number of Hours.

In order to obtain attorney's fees from the State Defendants, Plaintiffs' counsel must meet their burden of justifying their fee award, and proving that they exercised billing judgment. *See Saizan,* 448 F.3d at 799; *see also Hensley,* 461 U.S. at 434, 437

("'[B]illing judgment'" is to be exercised "with respect to hours worked," consistent with the requirement that "'[h]ours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority.'"). The fee request demonstrates that Plaintiffs' counsel failed to exercise adequate billing judgment.

### A. Plaintiffs' Fee Request Should be Reduced for Irrelevant Fees.

Plaintiffs' fee request must be reduced to account for fees that were not reasonably related to the presentation of their case. Many of the time entries, approximately 246 hours overall, submitted by Plaintiffs' counsel were irrelevant to seeking an injunction against the State Defendants. *See* Exhibit "A-6". Included within these time entries are billings for interactions with the media, social science research, Motion for Expedited Hearing of Appeal, and Motions to Lift Stay.

Although Plaintiffs' counsel indicate that they exercised billing judgment by removing entries containing time incurred with their interaction with the media, *see* Mot. Atty's Fees at 11, there still remains multiple billing entries seeking fees for this type of activity. *See* Exhibit "A-6" (e.g., entries at December 23, 2013, February 12, 2014, February 9, 2015, totaling 11.80 hours). Media related expenses were not reasonably related to Plaintiffs' counsel's presentation of their case and should be rejected by this Court. *See e.g., Watkins v. Fordice,* 7 F.3d 453, 458 (5th Cir. 1993) (affirming district court that time spent on press conferences is not spent "on the litigation."); *Hopwood,* 999 F.Supp. at 912-13, *aff'd as to attorney's fees*, 236 F.3d at 280-281 (denial of requests for attorney fees for time spent by counsel in press and

television interviews, "reviewing clips", and other actions related to the media as they were not reasonable and necessary for prosecution of the case).

Plaintiffs' counsel spent a vast amount of time conducting social science research, and recruiting and preparing an expert (Michael E. Lamb) to provide an affidavit regarding social science. *See* Exhibit "A-6". As this Court ruled in its Order Denying Texas Values' Motion for Leave to File *Amicus Curiae* Brief, however, "social science" is not "'useful' for the Court in making a legal determination of the constitutional issues raised in this case." *See* Order (Doc. 44) at 2. Overall, Plaintiffs' counsel billed 52.30 hours related to "social science". *See* Exhibit "A-6" (entries at October 1, 2013-November 14, 2013, January 2, 2014-January 6, 2014, and August 20, 2014). Accordingly, the Court should reduce Plaintiffs' fee request by 52.30 hours related to "social science" as this type of argument was not reasonably related to the Court's legal determination of the constitutional issues.

In seeking to rush through their lawsuit, Plaintiffs' counsel prepared a Motion for Expedited Hearing of Appeal (Doc. 00512595361), a Motion to Lift Stay in this Court (Doc. 83), and a Motion to Lift Stay with the Fifth Circuit (Doc. 00512935749). "The fee-shifting statutes which authorize an award of attorneys' fees are concerned with attorneys' fees in connection with an 'action or proceeding to enforce' the subject rights. Where an attorney's work is 'both useful and of a type ordinarily necessary to advance the civil rights [and/or Voting Rights Act] litigation,' *Webb v. Board of Education of Dyer County,* 471 U.S. 234, 243, 105 S.Ct. 1923, 1929, 85 L.Ed.2d 233 (1985), legal fees for the time expended on that work are recoverable." *Watkins v.*

*Fordice*, 807 F. Supp. 406, 413 (S.D. Miss. 1992). Here, however, Plaintiffs have not met their burden to show that these specific motions were reasonably necessary to "advance the litigation." *See id.* The State Defendants should not have to pay for these unnecessary motions.

Additionally, the Plaintiffs failed to prevail on any of these motions. On May 21, 2014, Judge Graves denied Plaintiffs' Motion to Expedite Appeal. *See* Order (Doc. 00512637850). This Court denied Plaintiffs' Motion to Lift Stay on December 14, 2014. *See* Order (Doc. 91). Plaintiffs' Motion to Lift Stay with the Fifth Circuit was denied by the court as moot in its decision affirming this Court's preliminary injunction. *See* Order (Doc. 97). Plaintiffs' fee request includes approximately 33.60 hours for preparation of the Motion for Expedited Hearing of Appeal, *see* Exhibit "A-7", and 103 hours for preparation of the Motions to Stay. *See* Exhibit "A-8". The Court should reduce Plaintiffs' fee reward by 136.60 hours to account for these unnecessary motions.

### B. Plaintiffs' Fee Request Should Be Reduced for Vague, Excessive, and Duplicative Fees.

In support of their fee request, Plaintiffs' counsel must detail the work performed with enough specificity to allow a court to determine the reasonableness of the hours claimed. *See Hensley*, 461 U.S. at 433; *Ragan v. Comm'r*, 135 F.3d 329, 335 (5th Cir. 1998) (counsel seeking fee award cannot merely submit a broad summary of work performed and the hours logged, but rather must present "adequate evidence of the hours spent on the case and that those hours were reasonably expended"). Only those hours that survive this vetting process are considered hours

"reasonably expended on the litigation" and subject to a fee award. *Hensley*, 461 U.S. at 432-34.

### a. Plaintiffs' Fee Request Should Be Reduced for Time Billed for Preparation of Motions and Brief.

More specifically, based on a review of Plaintiffs' counsel's vague, block-billed time entries, Plaintiffs' counsel seek 71.50 hours for drafting, editing, reviewing, and cite checking the 16 page Plaintiffs' Original Complaint for Declaratory and Injunctive Relief (Doc. 1), *see* Exhibit "A-9"; 192 hours for the Motion for Preliminary Injunction (Doc. 24), *see* Exhibit "A-10"; 39.80 hours for the Reply in Support of Motion for Preliminary Injunction (Doc. 50-2), *see id.*; and 258.80 hours for the Brief of Appellees (Doc. 00512761733). *See* Exhibit "A-11". The amount of time billed for these pleadings is excessive and not reasonably billed.

Plaintiffs' counsel asserts that the "substantial time" expended on this case was justified by "the complexity of the issues" and "the lack of clear precedent." *See* Mot. Atty's Fees at 17. That argument, however, is belied by Plaintiffs' counsel's heavy reliance on other court decisions striking down similar state laws. In their preliminary-injunction motion, for example, Plaintiffs' counsel repeatedly cited *United States v. Windsor*, 133 S. Ct. 2675 (2013), as establishing that Texas law was unconstitutional, as well as a district court decision striking down a similar law in Ohio. *See, e.g.*, Prelim. Inj. Mot. at 44, ECF No. 28 (Nov. 27, 2013). Their reply in support of the preliminary injunction motion likewise relied heavily on court decisions in Oklahoma, Ohio, New Mexico, and Utah, which had struck down similar state marriage laws. *See, e.g.,* Reply in Support of Prelim. Inj. Mot. at ii-iii, 11-12,

ECF No. 50-2 (Jan. 24, 2014) ("passim" citations to same-sex marriage cases from Oklahoma and Utah, and relying on those courts' reasoning as a basis for prevailing on the preliminary injunction motion).

On appeal, Plaintiffs continued to rely heavily on other courts' invalidation of similar marriage laws as a basis for victory. *See, e.g.*, Appellees' Br., Case No. 14-50196, Doc. No. 512761733 (5th Cir. Sept. 9, 2014) ("Since the Supreme Court's decision in *Windsor*, more than a dozen federal courts have found laws banning marriage between same-sex couples are unconstitutional. . . . This Court should do the same and affirm the District Court's decision striking down Section 32 as unconstitutional."). Plaintiffs' counsel now argues that they were blazing a new constitutional path to justify the substantial time spent on this streamlined proceeding, *see* Mot. Atty's Fees at 12 and Declaration of Daniel McNeel Lane at ¶ 4, but as their pleadings show, they were simply following a trail cleared by other courts in other cases.

According to the time entries, Matthew Pepping took the lead in drafting the complaint (56.10 hours), and three attorneys (Daniel Lane, Barry Chasnoff, and Jessica Weisel) reviewed and "[w]ork[ed] on Complaint" (15.40 hours). *See* Exhibit "A-9". Four attorneys (Matthew Pepping, Jessica Weisel, Michael Cooley, and Barry Chasnoff) participated in drafting, editing, reviewing, and cite checking the Motion for Preliminary Injunction. *See* Exhibit "A-10". Two attorneys (Jessica Weisel and Matthew Pepping) took the lead in drafting, revising, and editing the Reply in Support of Motion for Preliminary Injunction (36.70 hours), and one attorney

(Andrew Newman) reviewed (3.30 hours) the motion. *See* Exhibit "A-10". And five attorneys (Jessica Weisel, Andrew Newman, Michael Cooley, Matthew Pepping, Daniel Lane) and one paralegal (Risa Slavin) worked on the brief. *See id.*

The preparation and review of all of these pleadings by multiple attorneys was excessive and potentially duplicative requiring a reduction by the Court. *See Leroy v. City of Houston*, 906 F.2d 1068, 1079 (5th Cir. 1990) ("Hours which, though actually expended, nevertheless are excessive, redundant, or otherwise unnecessary, or which result from the case being overstaffed, are not hours reasonably expended and are to be excluded" from a fee award.); *Bishop,* 2015 WL 4086356, at *12 (three-attorney review process for the appellate brief was excessive warranting a reduction for award of attorney fees; trial counsel must rely on expertise of drafter and avoid duplication of his efforts).

The time entries in all of the pleadings contain vague and block-billed descriptions, such as the following, that make it impossible to determine the duplicative efforts of the attorneys and whether the time billed was reasonably expended:

- "Draft complaint regarding same sex marriage; Revise same; Confer with client regarding lawsuit; Confer with Frank Stenger-Castro regarding lawsuit and strategy" (9.1), September 9, 2013 time entry of Matthew Pepping. *See* Exhibit "A-9";
- "Work on Complaint; Prep for meeting with clients" (2.80), September 13, 2013 time entry of Barry Chasnoff. *See id.*;
- "Revise preliminary injunction motion and draft same" (7.7), November 4, 2013 time entry of Matthew Pepping. *See* Exhibit "A-10";
- "Draft preliminary injunction" (8.3), November 8, 2013 time entry of Matthew Pepping. *See id.*;

- "Research re: and draft reply in support of preliminary injunction; review Oklahoma district court ruling re: same-sex marriages" (4.1), January 14, 2014 time entry of Jessica Weisel. *See id.*;
- "Draft reply in support of motion for preliminary injunction; Revise same" (6.4), January 20, 2014 time entry of Matthew Pepping. *See id.*;
- "Research and draft sections of appellee's brief" (8.7), August 18, 2014 time entry of Michael Cooley. *See* Exhibit "A-11";
- "Research and draft appellee brief; Weekly conference call with clients" (9.1), August 22, 2014 time entry of Matthew Pepping. *See id.*

The Fifth Circuit "frowns" on these types of "vague notations" in Plaintiffs' time entries, as well as "consolidating individual items into one large block of time for each day." *Edmond v. Oxlite Inc.,* No. CIV.A. 01-2594, 2005 WL 2458235, at *4 (W.D. La. Oct. 5, 2005). *See Fabela,* 2013 WL 2655071, at *7 (75.4 hours spent "prepar[ing] the complaint" reduced to 10 hours due to use of vague descriptions and block-billing).

If the movant's documentation is vague or incomplete, the court should reduce or eliminate those hours accordingly. *See League of United Latin American Citizens No. 4552 (LULAC) v. Roscoe Indep. Sch. Dist.*, 119 F.3d 1228, 1233 (5th Cir. 1997); *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 327 (5th Cir. 1995) ("Litigants take their chances when submitting [vague] fee applications, as they provide little information from which to determine the 'reasonableness' of the hours expended on tasks vaguely referred to as 'pleadings,' 'documents,' or 'correspondence' without stating what was done with greater precision."); *Leroy*, 906 F.2d at 1080 (eliminating hours where the task descriptions are "not illuminating as to the subject matter" or are "vague as to precisely what was done").

Similarly, a fee award cannot extend to "block-billed" time entries where attorneys group several different tasks into one time entry "because it prevents the

court from accurately determining the time spent on any particular task, thus impairing the court's evaluation of whether the hours were reasonably expended." *See Fabela v. City of Farmers Branch, Tex.*, No. 3:10-CV-1425-D, 2013 WL 2655071, at *7 n.14 (N.D. Tex. June 13, 2013). Recognizing that some law firms bill clients on a daily basis by block-billing, the Fifth Circuit has recommended a reduction in fees claimed rather than excluding all of the time. 2005 WL 2458235, at *4. *Hensley,* 461 U.S. at 433 (district court may reduce award where documentation of hours is inadequate); *See, e.g., Ceres Envtl. Servs. v. Colonel McCrary Trucking, LLC*, 476 F. App'x 198, 203 (11th Cir. 2012); *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007) (approving a 20% reduction to block-billed hours).

Overall, Plaintiffs' counsel's time records consist of approximately 1,402 hours of vague time entries, 1,399.80 hours of block-billed entries, and at least 242.30 hours of duplicative time entries. *See* Exhibit "A"; Exhibit "B"; Exhibit "A-12". Without additional explanation of the type of work performed by Plaintiffs' counsel, the Court should reduce the fee award for all of the identified pleadings and the other entries identified by the State Defendants. *See Fralick v. Plumbers & Pipefitters Nat'l Pension Fund,* Civ. A. No. 3:09-CV-0752-D, 2011 WL 487754, at *4-5 (N.D. Tex. Feb. 11, 2011) (where there is insufficient evidence to determine whether the hours claimed are reasonable for the work performed, the Court may properly reduce a fee award for block-billing).

**b. Plaintiffs' Fee Request Should Be Reduced for Time Billed for Preparation of Preliminary Injunction Hearing, Oral Argument, and Attendance at Both.**

In addition to the vast amount of time that Plaintiffs counsel billed preparing the above motions, Plaintiffs' counsel also billed enormous amounts of time preparing for the preliminary injunction hearing and the oral argument at the Fifth Circuit. *See* Exhibit "A-13". Plaintiffs' counsel also billed for unnecessary attendance of attorneys at these hearings that should further be discounted from the fee award.

According to the time entries, three attorneys (Matthew Pepping, Barry Chasnoff, and Daniel Lane) billed 81.90 hours for preparing for the preliminary injunction hearing. *See id.* at 1. However, Mr. Chasnoff and Mr. Lane were the only attorneys who presented argument on behalf of the Plaintiffs at the preliminary injunction hearing held on February 12, 2014. The hearing was approximately 1.80 hours in length. *See* Exhibit "C". Based on the vague and block-billed time entries (e.g., "Prepare for oral argument" (8.7), February 9, 2014 time entry of Matthew Pepping; "Prepare for preliminary injunction hearing; memos regarding proposed scheduling order; Angela Hale memos" (11.8), February 11, 2014 time entry of Daniel Lane), it is impossible to determine the types of activities that Plaintiffs' counsel performed in preparation for the hearing, and whether the time billed was reasonably expended. *See* Exhibit "A-13" at 1.

Similarly, according to the time entries, four attorneys (Matthew Pepping, Michael Cooley, Daniel Lane, and Jessica Weisel) billed 154.20 hours preparing for oral argument at the Fifth Circuit. *See* Exhibit "A-13" at 3. Mr. Lane was the only

attorney that presented oral argument to the Fifth Circuit on January 9, 2015. Each side was allotted 30 minutes to present oral argument.[5] Based on the vague and block-billed time entries (e.g. "Strategy meetings with Matt Pepping; Robbie Kaplan, numerous memos regarding same; review and revise argument outline; prepare for January 9 oral argument" (14), January 8, 2015 time entry of Daniel Lane), it is also impossible to determine the types of activities that Plaintiffs' counsel performed in preparation for the hearing, and whether the time billed was reasonably expended. *See* Exhibit "A-13" at 3.

As discussed *supra,* the Court should also reduce these fees because 81.90 hours for preparation at the preliminary injunction hearing that lasted approximately 1.80 hours, and 154.20 hours for presentation of one attorney presenting an argument at the oral argument for approximately 30 minutes, is excessive. Without additional explanation of the type of work performed by Plaintiffs' counsel in preparation for these hearings, the Court is without guidance to determine whether the hours billed were reasonably expended. *See Edmond,* 2005 WL 2458235, at *4 (discussing the Fifth Circuit's disapproval of vague, block-billed time entries); *Leroy*, 906 F.2d at 1080 (1990) (eliminating hours where the task descriptions are "not illuminating as to the subject matter" or are "vague as to precisely what was done"); *see also, Johnson*, 488 F.2d at 717; *LULAC,* 119 F.3d at 1233; *Kellstrom*, 50 F.3d at 327.

---

[5] *See* United States Court of Appeals for the Fifth Circuit, New Orleans, Louisiana, West Courtroom calendar, *available at* https://www.ca5.uscourts.gov/clerk/calendar/1501/22.htm.

Based on the use of block-billing in the time entries, it is impossible to determine how much time Plaintiffs' attorneys are billing separately for attending the preliminary injunction hearing and the oral argument. According to the time entries, Mr. Lane and Mr. Chasnoff billed 8.50 hours and 6 hours, respectively, for their attendance at the preliminary injunction hearing. *See* Exhibit "A-13" at 2 (February 12, 2014 time entries of Mr. Lane and Mr. Chasnoff). The Court should reduce the fee award to the actual time of the hearing. As discussed *supra,* the preliminary injunction hearing was approximately 1.80 hours in length. Mr. Pepping and Mr. Cooley also attended the hearing and billed 7 hours and 5.20 hours, respectively, for their time. *See id.* (February 12, 2014 time entries of Matthew Pepping and Michael Cooley). The Court must exclude these hours from the fee award for hours "spent in the passive role of an observer while other attorneys performed." *Flowers v. Wiley*, 675 F.2d 704, 705 (5th Cir. 1982). *See Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980) (No compensation is due for unproductive time such as where three attorneys are present at a hearing when one would suffice).

Likewise, four attorneys (Daniel Lane, Andrew Newman, Matthew Pepping, and Jessica Weisel) attended the oral argument in New Orleans on behalf of the Plaintiffs. *See* Exhibit "A-13" at 5. Mr. Lane presented the oral argument on behalf of the Plaintiffs, while the other attorneys billed for their time "spent in the passive role of an observer". The Court should reject the fee request for 7.50 hours billed by Mr. Newman for attendance and travel, 12.70 hours billed by Mr. Pepping for attendance and travel, and 5.30 hours for travel billed by Ms. Weisel. *See* Exhibit "A-

13" at 5. *See Flowers*, 675 F.2d at 705. *See Copeland*, 641 F.2d at 891. Issues regarding travel time will further be discussed *infra*. Additionally, the Court should further reduce the fee award to the actual time of the oral argument, one hour.

### c. Plaintiffs' Fee Request Should Be Reduced for Time Spent Traveling.

Along with the Fifth Circuit and other district courts in this circuit, this Court has routinely held that time spent for travel should not be billed at the same hourly rate sought for active legal work, and should be reduced by fifty percent. *See Hopwood,* 999 F.Supp. at 914 (reducing fees for travel time by fifty percent); *Bd. of Supervisors of La. State Univ. v. Smack Apparel,* No. 04–1593, 2009 WL 927996, at *6 (E.D.La. Apr.2, 2009) ("[T]ravel time ... in the Fifth Circuit is usually compensated at 50% of actual time."); *cf. Alex v. KHG of San Antonio, LLC, No.* 5:13-CV-0728 RCL, 2015 WL 5098327, at *5 (W.D. Tex. Aug. 28, 2015) (reducing fees for travel time by fifty percent since billing records were unclear whether any work was performed while in transit).

According to Plaintiffs' counsel's time records, they seek approximately 103.60 hours of travel time. *See* Exhibit "A-14". Based on the prevailing case law, the fee award for this time should be discounted by fifty percent. Additionally, as discussed *supra,* Mr. Cooley's presence at the preliminary injunction hearing was unnecessary in his role as a "passive observer". As such, Plaintiffs' fee request for 9.80 hours of travel time to and from San Antonio for Mr. Cooley should be rejected. *See* Exhibit "A-14". Similarly, travel time for Mr. Newman, Mr. Pepping, and Ms. Weisel should be rejected for attending the oral argument in New Orleans. *See id.* Plaintiffs also

submitted fee requests for travel to Houston by Mr. Pepping and Pratik Shah, Washington D.C. counsel, for a moot court preparation. *See id.* (January 6-7, 2015 time entries of Matthew Pepping and Pratik Shah). These fees should also be rejected, especially given that Plaintiffs' counsel have chosen not to bill for the other attorneys attendance at this moot court preparation.

### d. Plaintiffs' Fee Request Should Be Reduced for Time Spent Preparing Their Motion for Attorney's Fees.

Although "[t]ime spent for preparing fee applications is generally compensable," *El-Tabech v. Clarke,* 616 F.3d 834, 834-44 (8th Cir. 2010), they should neither be excessive, nor "result in a second major litigation." *Hensley,* 461 U.S. at 436. Plaintiffs seek 55.80 hours for four attorneys' efforts in seeking attorney's fees and two attorneys preparing the Motion for Attorney's Fees and Costs. *See* Plfs' Mot. Atty's Fees at 11; Exhibit "A" at 59-61.

The parties conducted a meet and confer on July 30, 2015, to discuss Plaintiffs' fee request and to extend the deadline to file and respond to the motion for attorney's fees. The parties also discussed conducting a subsequent meet and confer after Plaintiffs' counsel resolved issues with their fee request. However, Plaintiffs opted not to have the subsequent meet and confer, but instead to file their motion for attorney's fees. Had Plaintiffs participated in this meet and confer, the State Defendants believe that other issues with Plaintiffs' fee request would have been resolved and Plaintiffs' counsel would not have expended an enormous amount of time arguing prevailing party status that the State Defendants are not disputing.

The number of hours that Plaintiffs' counsel billed for their motion for attorney's fees is excessive, did not require the participation of four attorneys, and should be reduced by the Court. *See Lewallen v. City of Beaumont*, No. CIV.A. 1:05-CV-733TH, 2009 WL 2175637, at *9 (E.D. Tex. July 20, 2009) aff'd, 394 F. App'x 38 (5th Cir. 2010) (finding that 81.55 hours for the fee application was excessive and reducing the bill for such work to 20 hours); *West v. Aetna Life Ins. Co.,* 188 F.Supp.2d 1096, 1102 (N.D.Iowa 2002) (finding that 41 hours to prepare a fee motion in an ERISA case was excessive because it is a "routine, largely clerical task"); *Carlson v. United Academics-AAUP/AFT/APEA/AFT–CIO,* No. A98–0141–CV–JKS, 2002 U.S. Dist. LEXIS 11217, 2002 WL 487179, at *4 (D.Alaska Mar.12, 2002) ("In this day and age of computerized records, accounting programs, and computer databases storing briefing records, much of the preparation of a fee application should usually be delegated to a secretary or paralegal. The attorney need only allot such time as is necessary and prudent to review billing records, statements, and affidavits for accuracy.").

### e. Compared to other Attorney's Fee Requests in Same-Sex Marriage Lawsuits, Plaintiffs' Fee Request Is Excessive.

Plaintiffs seek an award of attorney's fees and costs in the amount of $740,996.90 for obtaining a preliminary injunction and the appeal of that matter. This lawsuit did not involve any discovery, depositions, or a trial that would warrant such excessive fees. Compared to other same-sex marriage lawsuits, Plaintiffs' request for fees is astronomical.

Unlike the Plaintiffs' counsel in this case, in the *Bishop* case, Plaintiffs' counsel provided their services *pro bono* and did not seek legal fees for their time spent obtaining an injunction against the State of Oklahoma. *Bishop,* 2015 WL 4086356, at *1. Plaintiffs' counsel only sought a fee award for their appeal-related attorney's fees and costs in the amount of $370,769.87. *Id.* The district court reduced Plaintiffs' fee award to $298,742.77. *Id.*  In a much more protracted and complex lawsuit in *Searcy v. Bentley,* Cause No. 1:14-cv-00208-CG-N (SD Alabama) (Doc. 76-1), Plaintiffs requested only $197,710 for their efforts in obtaining an injunction against the State of Alabama's constitutional amendment, and the appeal of the injunction to the Eleventh Circuit. Based on these and other same-sex marriage lawsuit requests for attorney's fees, the Court should reduce any award of attorney's fees.

Plaintiffs' counsel has also reaped significant noneconomic rewards based on their representation in this case, which they claim to have undertook on a *pro bono* basis without "the expectation of earning legal fees." *See* Declaration of Daniel McNeel Lane at ¶ 4. Plaintiffs' counsel has received multiple awards and accolades for their *pro bono* representation. Most significantly, Law360 has profiled Akin Gump as a Pro Bono Firm of the Year, the Texas Bar LGBT Section honored Akin Gump for pro bono marriage equality work, and Mr. Lane has been named as one of the three finalists for *Texas Lawyer* Attorney of the Year award.[6] However, Plaintiffs' counsel now seeks to collect $740,996.90 in attorney's fees and costs. Although the law provides an award of attorney's fees to attorneys that take on *pro bono* cases, by

---

[6] *See* Akin Gump Awards & Accolades for pro bono work *available at* https://www.akingump.com/en/news-insights.html?action=news&newstype=10&practices=2552.

requesting three-quarters of a million dollars in fees for handling a lawsuit on preliminary injunction and interlocutory appeal, the work is not fairly described as *pro bono*.

### IV. The Hourly Rates Requested by Plaintiffs Are Excessive Because They have Failed to Establish the Prevailing Market Rate.

As the fee applicant, Plaintiffs, bear the burden of demonstrating "that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895n. 11, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984). Here, Plaintiffs fail to carry their burden of establishing the reasonableness of the proposed hourly rates for their counsel or support staff. Plaintiffs provide two declarations to support their hourly rates. The first declaration from Saul Perloff shows that he was a former partner at Akin Gump who does not practice in the area of civil rights, but instead works on primarily trademark and patent cases that incur substantially higher hourly rates. *See* Declaration of Saul Perloff. The other declaration from Carlos Soltero shows that Mr. Soltero has been practicing law for 21 years in San Antonio and only bills at $430 an hour, which is lower than the $500 hourly rate for an attorney of similar years of experience at Akin Gump that Plaintiffs are seeking a fee award. *See* Declaration of Carlos R. Soltero.

"The hourly rates to be used in the lodestar calculation are determined by 'the prevailing market rates in the relevant community.' " *Hoffman v. L & M Arts*, No. 3:10-CV-0953-D, 2015 WL 3999171, at *2 (N.D. Tex. July 1, 2015) (quoting *Inclusive Cmtys. Project, Inc. v. Tex. Dep't of Hous. & Cmty. Affairs,* 2013 WL 598390, at *5

(N.D.Tex. Feb.15, 2013) (citations omitted)). The "prevailing market rate" is the rate charged "for similar services by lawyers of reasonably comparable skill, experience, and reputation" *Blum*, 465 U.S. at 895 n.11; "not the rates that 'lions at the bar may command.'" *Hopwood*, 236 F.3d at 281 (quoting *Leroy,* 906 F.2d at 1079). The "relevant legal market" is generally the community where the district court sits, even if a party utilizes counsel from outside the district. *Id.*; *McClain v. Lufkin Indus.*, 649 F.3d 374, 381-83 (5th Cir. 2011). Because the prevailing market rate is that charged for "similar services," the court considers the type of representation and the subject matter of the litigation. *Hoffman*, 2015 WL 3999171, at *2.

To determine the prevailing market rate, judges in the San Antonio Division regularly take judicial notice of the State Bar of Texas Department of Research and Analysis Hourly Rate Report ("Rate Report").[7] *Alex*, 2015 WL 5098327, at *3. *See Swiney v. Texas*, No. SA–06–CA–0941 FB NN, 2008 WL 2713756, at *5 (W.D.Tex. July 3, 2008) (noting that "[a] reasonable fee can be determined by examining the State Bar of Texas Hourly Rate Report" and using it to verify the reasonableness of the proposed fee amount). Although the most current Rate Report was published in 2014, which reflects hourly rates charged in 2013 by Texas attorneys, the Texas Lawyer 2015 Annual Salary & Billing Report only reflects on average a $50 difference in the hourly rates in the San Antonio legal market. *See* Exhibit "D". The Rate Report is more widely accepted by this Court and is more precise in that it details the hourly

---

[7] *See* State Bar of Texas Department of Research and Analysis 2013 Hourly Fact Sheet, https://www.texasbar.com/AM/Template.cfm?Section=Demographic_and_Economic_Trends&Template=/CM/ContentDisplay.cfm&ContentID=27264.

rates by years in practice, location, and type of practice. As such, the State Defendants urge the Court to use the Rate Report in determining the prevailing hourly rate for Plaintiffs' counsel. Plaintiffs offer no reason why the Rate Report should not apply here. Plaintiffs request fees based on hourly rates that substantially exceed the rates under the Rate Report.

The following table shows the maximum fees recoverable by Plaintiffs based on the total number of hours submitted and the hourly rates set by the Rate Report and the State Bar of Texas 2014 Paralegal Survey[8] based on years of experience and the San Antonio geographic area:

| Name of Attorney/Paralegal | Years of Experience | Hours | State Bar of Texas 2013 Hourly Fact Sheet | State Bar of Texas 2014 Paralegal Survey Results | Total |
|---|---|---|---|---|---|
| CHASNOFF, BARRY A. | 40 | 73.7 | $263 | | $19,383.10 |
| COOLEY, MICHAEL PARSONS | 16 | 145.4 | $253 | | $36,786.20 |
| LANE, DANIEL MCNEEL | 25 | 259.7 | $235 | | $61,029.50 |
| NEWMAN, ANDREW F | 8 | 84.4 | $199 | | $16,795.60 |
| PEPPING, MATTHEW E. | 7 | 573.6 | $199 | | $114,146.40 |
| SHAH, PRATIK A. | 14 | 31.6 | $234 | | $7,394.40 |
| STENGER-CASTRO, FRANK | 42 | 20.5 | $263 | | $5,391.50 |
| WEISEL, JESSICA | 20 | 474.4 | $235 | | $111,484.00 |
| SLAVIN, RISA (Paralegal) | 26 | 11.7 | | $121 | $1,415.70 |
| WEHLEND, LISA (Paralegal) | 35 | 31.8 | | $121 | $3,847.80 |
| | | | | | |
| **TOTAL** | | **1706.8** | | | **$377,674.20** |

___

[8] *See* State Bar of Texas Department of Research & Analysis 2014 Paralegal Division Compensation Survey, https://txpd.org/files/file/SalarySurvey/2014%20Salary%20Survey%20Results%20Final.pdf.

In sum, because the Court should use the Rate Report to determine the reasonable hourly rate, the Court should award Plaintiffs no more than $377,674.20 in attorney's fees, subject to a reduction for limited billing judgment as discussed *supra*.

### V. Plaintiffs' Fee Request Includes Extravagant and Unnecessary Expenses that Should Be Disallowed.

Although a prevailing party is not limited to the costs set forth in 28 U.S.C. § 1920, all out-of-pocket costs "must not be awarded when they are extravagant or unnecessary." *Curtis v. Bill Hanna Ford,* 822 F.2d 549, 553 (5th Cir. 1987). The court is also free to decline to award costs where the expenses are not deemed to have been "reasonably necessary" to the litigation. *Alex,* 2015 WL 5098327, at *8. *See, e.g., Cypress–Fairbanks Indep. Sch. Dist. v. Michael F.,* 118 F.3d 245, 257–58 (5th Cir.1997).

Beverages to celebrate after a hearing ($365.66), traveling to other cities to hold a moot court argument ($4,239.95), staying at luxurious hotels like the W Hotel ($381.45 a night), and taking chauffeured car rides (e.g., $198), are extravagant and unnecessary costs that this Court should disallow. *See* Exhibit "A-15". Prior to oral argument at the Fifth Circuit, Plaintiffs' counsel traveled to Houston, Texas, where none of the Plaintiffs' counsel works, to perform a moot court argument. Plaintiffs have billed for this unnecessary holding of the moot court argument in Houston for approximately $4,239.95. *See* Exhibit "A-15". This expense was not reasonably necessary and should be disallowed by the Court.

As discussed *supra*, Mr. Cooley's presence at the preliminary injunction

hearing was unnecessary in his role as a "passive observer". Not only should the hours that he billed be disallowed, but the costs that he incurred to travel to San Antonio should be disallowed as well (February 11, 2014, total $681.01: airfare $418, taxi $34, hotel $198.60, parking $14, food $16.41). *See* Exhibit "A-15". Similarly, Mr. Lane argued on behalf of the Plaintiffs at the Fifth Circuit. All expenses incurred for travel to and from New Orleans, including hotel stays, cabs, meals, and incidentals, for Plaintiffs' counsel, other than Mr. Lane, approximately $5,054.03, should be disallowed. *See* Exhibit "A-15".

All expenses relating to "social science", as discussed *supra,* should be excluded by the Court because this was found not "useful" for the Court in making a legal determination of the constitutional issues raised in the case. *See* Order (Doc. 44) at 2. Accordingly, all expert fees related to Michael E. Lamb, $706.60, should be disallowed by the Court. *See* Exhibit "A-15". As for filings, Plaintiffs' counsel submit costs ($16.68) for filings made in other cases, Cause No. D-1-GN-14-001855, that should be disallowed by the Court. *See id*. Plaintiffs' counsel also seeks to recover the cost of pro hac vice fees ($25), which this Court has also found non-recoverable. *See id.; Davis,* 991 F.Supp.2d at 840 (pro hac vice fees and time spent in seeking admission pro hac vice are not recoverable as costs by a prevailing party).

The duplicating costs submitted by the Plaintiffs' counsel are not associated with any particular document or filing and does not establish a relevant connection to the case. As such, the State Defendants dispute all $1,811.90 in costs requested for this expense. *See* Exhibit "A-15". Costs of photocopies necessarily obtained for use in

the litigation are recoverable upon proof of necessity, *Lewallen v. City of Beaumont*, No. CIV.A. 1:05-CV-733TH, 2009 WL 2175637, at *16 (E.D. Tex. July 20, 2009) <u>aff'd,</u> 394 F. App'x 38 (5th Cir. 2010), and connection between the costs incurred and the litigation. *Fogleman v. ARAMCO,* 920 F.2d 287, 286 (5th Cir. 1991)*; Maurice Mitchell Innovations, L.P. v. Intel Corp.,* 491 F.Supp.2d 684, 687 (E.D.Tex.2007)).

The award and calculation of other costs and expenses are committed to the district court's discretion. *See Curtis,* 822 F.2d at 553. However, the Court is to give "careful scrutiny" to the items proposed by the prevailing party. *La. Power & Light Co. v. Kellstrom,* 50 F.3d 319, 335 (5th Cir., 1995) (citing *Farmer v. Arabian American Oil Co.,* 379 U.S. 227, 235, 85 S.Ct. 411, 13 L.Ed.2d 248 (1964)). *See Curtis*, 822 F.2d at 553 (affirming trial court's decision to review requested expenses item-by-item and disallow expenses that were unnecessary). The table below shows the maximum costs that the Plaintiffs should recover:

| CATEGORY | TOTAL EXPENSE |
|---|---|
| Courier Fees | $49.46 |
| Retrieval of Legislative History Documents | $0.00 |
| Duplicating Costs | $0.00 |
| Expert Witness Fees | $4,600.00 |
| Filing Fees | $532.05 |
| Business Meals during Travel | $0.00 |
| Parking for Hearings | $27.00 |
| Fees for Court Reporter Transcript | $82.80 |
| Travel Expenses | $78.25 |
| **TOTAL** | **$5,369.56** |

In sum, the Court should award Plaintiffs no more than $5,369.560 in costs, subject to a reduction for limited billing judgment. *See* Exhibit "A-15" relating to the other costs disputed by the State Defendants.

### VI. Plaintiffs Are Not Entitled to a Lodestar Enhancement.

Plaintiffs contend that the *Johnson* factors support an increase in the award based on their overwhelming success in this lawsuit, the significant amount of time and labor involved, the complexity of the issues, and the importance of the case. *See* Plfs' Mot. Atty's Fees at 17. Plaintiffs also state that if the Court reduces their counsel's hourly rates or the total hours in the lodestar, that weighs in favor of an increased award. *See id.* However, Plaintiffs fail to meet their burden of proof for an enhancement. *See Riley v. City of Jackson, Miss.,* 99 F.3d 757, 760 (5th Cir. 1996).

The lodestar method is intended to produce an award "that *roughly* approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case." *Perdue v. Kenny A. ex rel. Winn,* 559 U.S. 542, 551, 130 S.Ct. 1662, 176 L.Ed.2d 494 (2010). As this Court has recognized, the *Perdue* Court indicated a preference for the lodestar method over the Fifth Circuit's factors, and the Fifth Circuit has subsequently treated the *Johnson* factors as a complement to the lodestar method. *Alex,* 2015 WL 5098327, at *1. The lodestar is presumptively reasonable and should be modified only in exceptional cases. *Watkins,* 7 F.3d at 457.

A court may not adjust the award on the basis of any factor already accounted for in calculating the lodestar. *Saizan,* 448 F.3d at 800 ("The lodestar may not be

adjusted due to a Johnson factor, however, if the creation of the lodestar already took that factor into account; to do so would be impermissible double counting."); *see also Perdue,* 559 U.S. at 553. Three of the *Johnson* factors—complexity of the issues, results obtained, and preclusion of other employment—are fully reflected and subsumed in the lodestar amount. *Heidtman v. County of El Paso,* 171 F.3d 1038, 1043 (5th Cir. 1999). The importance of the case is not one of the *Johnson* factors and has no bearing on whether the lodestar should be adjusted. And, finally, the significant amount of time and labor involved has also been subsumed in the lodestar amount. *See Edwards v. Aaron Rents, Inc.*, 482 F. Supp. 2d 803, 812-13 (W.D. Tex. 2006) (finding that time and labor are already considered in lodestar and an upward adjustment for this factor would be inappropriate). However, as the State Defendants have shown, Plaintiffs' counsel's failure to demonstrate billing judgment should actually result in the reduction of the lodestar, not an increase under the *Johnson* factors.

Similarly, in *Bishop,* the court found that an enhancement of the lodestar under § 1988 was not warranted where the same-sex couple successfully challenged the state constitutional amendment defining marriage because the lodestar calculation awarded time to the billing attorneys at prevailing market rates, with few "duplication" reductions, and took into account the complexity of the appeal. *Bishop,* 2015 WL 4086356, at *15. In light of the strong presumption that the lodestar award is the reasonable fee, Plaintiffs have not met their burden to justify an enhancement.

## CONCLUSION

The Court should award no more than $377,674.20 in attorney's fees and $5,369.560 in costs, subject to a reduction for limited billing judgment.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil
Litigation

ANGELA COLMENERO
Division Chief - General Litigation

*/s/ Summer R. Lee*
SUMMER R. LEE
Texas Bar No. 24046283
WILLIAM T. DEANE
Texas Bar No. 05692500
MARC RIETVELT
Texas Bar No. 24043892
Assistant Attorneys General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 475-4031
(512) 320-0667 FAX
summer.lee@texasattorneygeneral.gov
bill.deane@texasattorneygeneral.gov
marc.rietvelt@texasattorneygeneral.gov

***ATTORNEYS FOR STATE
DEFENDANTS***

## <u>CERTIFICATE OF SERVICE</u>

I certify that on October 5, 2015, I served Plaintiffs and Defendant Rickhoff a copy of the foregoing document via the Court's ECF system.


*/s/ Summer R. Lee*                
Summer R. Lee