FILED

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

NOV 3 0 2015
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

| | | |
|---|---|---|
| CLEOPATRA DE LEON, NICOLE DIMETMAN, VICTOR HOLEMS, and MARK PHARISS,<br>         Plaintiffs,<br><br>v.<br><br>GREG ABBOTT, in his official capacity as Governor of the State of Texas, KEN PAXTON, in his official capacity as Texas Attorney General, and KIRK COLE, in his official capacity as interim Commissioner of the Texas Department of State Health Services,<br>         Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Cause No. SA-13-CA-00982-OLG |

## ORDER ON PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS

On this date the Court considered Plaintiffs' Motion for Attorneys' Fees and Costs (docket no. 118), Plaintiffs' Supporting Documents (docket nos. 119–121), State Defendants' Response in Opposition (docket no. 131), and Plaintiffs' Reply and Declaration in Support (docket nos. 133–34). The Court has reviewed the motion, the parties' responses, the governing law, and the record in this case. For the reasons discussed below, the Court GRANTS IN PART Plaintiffs' Motion.

### A. Background

On October 28, 2013, Plaintiffs filed a complaint challenging Texas' prohibition on same-sex marriage, set forth in Article I, Section 32 of the Texas Constitution, and corresponding provisions of the Texas Family Code. They argued that the State's ban on same-sex marriage violated their rights to due process and equal protection under the Fourteenth Amendment to the United States Constitution. Accordingly, Plaintiffs urged the Court to issue a preliminary injunction enjoining State Defendants from enforcing Section 32 and declaring that Texas' ban on same-sex marriage and Texas' failure to recognize out-of-state same-sex marriages was unconstitutional.

1

On February 26, 2014, the Court granted Plaintiffs' Motion for Preliminary Injunction, holding Texas's ban on same-sex marriage was unconstitutional because it violated Plaintiffs' equal protection and due process rights. *See* docket no. 73. On July 1, 2015, the Fifth Circuit affirmed the Court's grant of a preliminary injunction and issued a mandate for this Court to enter judgment in favor of Plaintiffs in this case. *See De Leon v. Abbott*, 791 F.3d 619, 624–25 (5th Cir. 2015). On July 7, 2015, the Court entered a final judgment in favor of Plaintiffs. *See* docket no. 98. As the prevailing party, Plaintiffs now seek this Court to award them $713.602.00 in attorneys' fees and $20,202.90 in costs in relation with the litigation of this case. *See* docket no. 133.

## B. Standard of Review

### 1. Attorneys' Fees

A prevailing party in an action brought under 42 U.S.C. § 1983 may be awarded reasonable attorney's fees and costs. 42 U.S.C. § 1988; *Univ. Amusement Co. v. Vance*, 587 F.2d 159, 172 (5th Cir. 1978). Civil rights plaintiffs are prevailing parties "if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing the suit." *Tex. State Teachers Assoc. v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 789 (1989) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). "[P]laintiff must be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant." *Tex. State Teachers Assoc.*, 489 U.S. at 792; *see also Lefemine v. Wideman*, 133 S. Ct. 9, 11 (2012) (noting plaintiff prevails "when actual relief on the merits of [the plaintiff's] claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff") (per curiam) (quoting *Farrar v. Hobby*, 506 U.S. 103, 111–12 (1992)). The Supreme Court has "repeatedly held that an injunction or declaratory judgment, like a damages award, will usually satisfy that test." *Lefemine*, 133 S. Ct. at 11 (citing *Rhodes v. Stewart*, 488 U.S. 1, 4 (1988) (per curiam)).

The Fifth Circuit uses a two-step process to determine an attorney's fees award. *Jimenez v. Wood Cnty., Tex.*, 621 F.3d 372, 379 (5th Cir. 2010). First, the court calculates the 'lodestar' which is equal to the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work. *Id.* In reviewing the attorneys' time records, the court should "exclude all time that is excessive, duplicative, or inadequately documented." *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993) (citing *Hensley*, 461 U.S. at 432–34); *Von Clark v. Butler*, 916 F.2d 255, 259 (5th Cir. 1990). Once the lodestar amount is calculated, the court can adjust it based on the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974). Those factors are: "(1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) the award in similar cases." *Id.*

### 2. Costs

Rule 54(d) of the Federal Rules of Civil Procedure also provides that costs shall be allowed to the prevailing party. FED. R. CIV. P. 54(D). Section 1920 defines the term "costs" as used in Rule 54(d) and enumerates the expenses that a court may tax as a cost under the authority found in Rule 54(d). *See Crawford Fitting Co. v. Gibbons*, 482 U.S. 437, 441 (1987); *see also Gaddis v. United States*, 381 F.3d 444, 450 (5th Cir. 2004). Thus, the types of costs that may be awarded under Rule 54(d) are enumerated in 28 U.S.C. § 1920.[1] *Gaddis*, 381 F.3d at 450.

---

[1] Section 1920 provides that "a judge or clerk of any court of the United States may tax as costs the following: (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies

Furthermore, "[a]ll reasonable out-of-pocket expenses, including charges for photocopying, paralegal assistance, travel, and telephone, are plainly recoverable in section 1988 fee awards because they are part of the costs normally charged to a fee-paying client." *Associated Builders & Contractors of La., Inc. v. Orleans Parish Sch. Bd.*, 919 F.2d 374, 380 (5th Cir. 1990).

## C. Analysis

In determining the appropriate attorney's fees award in this case, the Court carefully reviews the attorneys' time records and declarations submitted by Plaintiffs. *See Hopwood v. Texas*, 236 F.3d 256, 281 (5th Cir. 2000) ("[T]he attorneys' fees calculus is a fact-intensive one and its character varies from case to case"). In analyzing counsel's time, the Court considers whether the attorneys demonstrated proper billing judgment by "writing off unproductive, excessive, or redundant hours." *Walker v. U.S. Dep't of Housing & Urban Dev.*, 99 F.3d 761, 769 (5th Cir. 1996).

Plaintiffs' counsel has presented the Court with a clear and well-organized motion for fees and costs. The motion shows they have exercised billing judgment to exclude any hours that, even though contemporaneously recorded, they would not have charged to Plaintiffs if they were paying the bill. *See Hensley*, 461 U.S. at 434. Plaintiffs' attorneys note various instances in which they reduced their billing. For example, "Plaintiffs declined to include the work of more than 15 attorneys and paralegals who provided short-term assistance during the case. In addition, Plaintiffs carefully scrutinized these bills and removed numerous entries that contained: (1) time incurred dealing with the significant media interest in this case; (2) time spent in teleconferences between attorneys and clients; (3) time spent on an amicus brief in the Fifth Circuit that was never filed; and (4) time incurred to represent the intervenor seeking enforcement of this Court's injunction . . . In total, more than 700 hours of time billed on this matter – more than 35% of the total hours—have

_____

of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

been removed from the request [for attorney's fees]." *See* docket no. 118, p. 11. Furthermore, Plaintiffs' counsel has also notified this Court they agreed to forego fees incurred responding to Defendant Rickhoff's motion to dismiss. *See* docket no. 126. The Court will now address the reasonableness of the attorneys' hourly rates and number of hours billed.

### 1. Hourly Rates

The reasonableness of an attorney's hourly rate "depends on the experience and qualifications of the professional." *Saldivar v. Rodela*, 894 F.Supp.2d 916, 934 (W.D. Tex. 2012) (citing *Trs. of Chi. Plastering Inst. Pension Trust v. Cook Plastering Co.*, 570 F.3d 890, 905 (7th Cir. 2009)). "Hourly rates are to be computed according to the prevailing market rates in the relevant legal market, not the rates that lions at the bar may command." *Hopwood*, 236 F.3d at 281. The relevant market is "the community in which the district court sits." *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002) (quoting *Scham v. Dist. Courts Trying Criminal Cases*, 148 F.3d 554, 558 (5th Cir. 1998) (criticizing the appellant because he "made no effort to show what his services are worth in Houston")). Typically, the reasonable hourly rate for a particular community is established through affidavits of other attorneys practicing there. *Tollett*, 285 F.3d at 368 (citing *Watkins*, 7 F.3d at 458).

Here, Plaintiffs have submitted declarations of two attorneys who practice regularly in the Western District of Texas. These declarations assert the requested hourly rates of Plaintiffs' counsel fall within the range of hourly rates charged by attorneys of similar skill, experience and reputation in connection with civil rights cases. *See* docket no. 120–21. On the other hand, State Defendants assert that Plaintiffs' counsel hourly rates are excessive and urge this Court to take judicial notice of the State Bar of Texas Department of Research and Analysis Hourly Rate Report in determining the reasonableness of the proposed rate amounts. After considering Plaintiffs' request, the 2014 report, and the hourly rates recently awarded in this District and other districts, *see, e.g., Catholic*

*Leadership Coalition of Tex. v. Reisman*, No. A-12-CA-566-SS, 2015 WL 418117, at *5 (W.D. Tex. Jan. 30, 2015), the Court hereby reduces the hourly rates for Plaintiffs' attorneys and calculates the lodestar amount as follows:

| Name of Attorney / Paralegal | Years of Experience | Hours | Requested Hourly Rate | Hourly Rate Awarded | Total |
|---|---|---|---|---|---|
| Barry A. Chasnoff | 40 | 73.7 | $500 | $400 | $29,480.00 |
| Michael Cooley | 16 | 145.4 | $460 | $368 | $53,507.20 |
| Daniel McNeel Lane | 25 | 259.7 | $500 | $400 | $103,880.00 |
| Andrew F. Newman | 8 | 84.4 | $400 | $320 | $27,008.00 |
| Matthew E. Pepping | 7 | 573.6 | $400 | $320 | $183,552.00 |
| Pratik A. Shah | 14 | 31.6 | $500 | $400 | $12,640.00 |
| Frank Stenger-Castro | 42 | 20.5 | $365 | $292 | $5,986.00 |
| Jessica Weisel | 20 | 474.4 | $430 | $344 | $163,193.60 |
| Risa Slavin (Paralegal) | 26 | 11.7 | $165 | $165 | $1,930.50 |
| Lisa Wehlend (Paralegal) | 35 | 31.8 | $135 | $135 | $4,293.00 |
| TOTAL | | 1706.8 | | | $585,470.30 |

## 2.  Number of Hours

The district court must determine whether the hours claimed were "reasonably expended" on the litigation; that is, whether the total number of hours claimed were reasonable and whether specific hours claimed were reasonably expended. *League of United Latin Am. Citizens v. Roscoe Indep. Sch. Dist.*, 119 F.3d 1228, 1232 (5th Cir. 1997); *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). The fee applicant bears the burden of establishing the reasonableness of the number of hours expended on the litigation, *Leroy v. City of Hous.*, 906 F.2d 1068, 1079 (5th Cir. 1990), and must present adequately documented time records to the court, *Watkins*, 7 F.3d at 457; *see also Bode v. United States*, 919 F.2d 1044, 1047 (5th Cir. 1990) ("In determining the amount of an attorney fee award, courts customarily require the applicant to produce contemporaneous billing records or other sufficient documentation so that the district court can fulfill its duty to examine the application for non-compensable hours."). Using this documented

time as a benchmark, the court must exclude hours which, though actually expended, are excessive, duplicative, or inadequately documented. *McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 381 (5th Cir. 2011); *Watkins*, 7 F.3d at 457.

State Defendants urge the Court to reject several of Plaintiffs' requests for attorneys' fees. *See* docket no. 131. For example, Defendants correctly assert the Court must eliminate any redundant or duplicative time entries, though duplication of effort is not per se unreasonable. *See Base Metal Trading, Ltd. v. OJSC Novokuzketsky Aluminum Factory*, 31 Fed. App'x 159, 162 (5th Cir. 2001). Defendants assert many entries are duplicative. *See* docket no. 131, p. 12–13. However, rather than illustrating duplication of effort, Plaintiff attorneys' entries indicate that certain tasks may not have been completed all at once. For example, several attorneys, including Michael Cooley, Matthew Pepping, and Jessica Weisel, have time entries relating to "research and draft" of sections of the appellees' brief. The Court does not find such entries to be duplicative.

The only mandate placed upon the district court is to determine "whether particular hours claimed were reasonably expended." *Walker*, 99 F.3d at 768 (quoting *Alberti v. Klevenhagen*, 896 F.2d 927, 932 (5th Cir. 1990)). The Court has carefully reviewed the Plaintiffs' attorneys entries, and those objected by Defendants as duplicative or vague. The Court finds Plaintiff has shown the time related to those entries was reasonably expended. *See id.*

Defendants make other arguments for the Court to reject Plaintiffs' attorneys fees. For example, Defendants claim any time spent by Plaintiffs' attorneys interacting with the media, gathering supporting social science, and efforts to expedite the case are all non-recoverable. State Defendants point to three entries from December 23, 2013, February 12, 2014 and February 9, 2015 as entries reflecting unnecessary fees for Plaintiffs' interaction with media. While it is true that those entries contain the word "media" in them, the entries contain much more detailed information on legal work performed by the attorney(s) during that time. Therefore, Defendants' objection is

overruled. Regarding the social science evidence, the Court finds Defendants' argument that such evidence was unnecessary is erroneous and misplaced.  Indeed, "researching, understanding, and briefing aspects of social science" was necessary in this case in order to rebut rationale raised by Defendants as basis for Section 32. *See* docket no. 133.  The Court has reviewed all of Defendants' objections to Plaintiffs' attorneys' fees, and finds they lack merit.  Accordingly, State Defendants' objections are hereby overruled.

Finally, Plaintiffs seek $20,202.90 in costs, most of which pertain to expert witnesses, travel by counsel to arguments in this Court and the Fifth Circuit, and meals by attorneys during travel. The Court finds these costs, along with the submitted entries for filing fees, document retrieval and copying expenses, are reasonable, and State Defendants' objections to such costs lack merit. Accordingly, Plaintiffs' request for $20,202.90 in costs is GRANTED.

### 3.  Lonestar Adjustment

Plaintiffs also seek for a lonestar adjustment according to the *Johnson* factors. *Johnson*, 488 F.2d at 717–19. The Court notes that if any of these factors were accounted for in the initial calculation of the lodestar, they cannot form the basis for any additional adjustment. *See Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 551 (2010); *see also Saizan v. Delta Concrete Products Co., Inc.*, 448 F.3d 795, 800 (5th Cir. 2006) ("The lodestar may not be adjusted due to a Johnson factor, however, if the creation of the lodestar already took that factor into account; to do so would be impermissible double counting.")  There is a "strong presumption" that the lodestar figure represents a reasonable fee award without the need for any enhancement. *Perdue*, 559 U.S. at 554.

### a. The time and labor required

The Court finds that this case did not require an excessive amount of time to warrant an adjustment to the lodestar.  Furthermore, Plaintiffs' attorneys are being compensated for their work in this case.

### b. The novelty and difficulty of the questions

The Court finds that the questions presented in this case were not novel to the extent that some district courts had previously dealt with the same issues. Therefore, the Court will not adjust the lodestar on this basis.

### c. The skill required to perform the legal services properly

The Court finds that Plaintiffs' counsel displayed exceptional and commendable skill in the prosecution of this case. However, the lodestar will not be adjusted on account of this factor because the Court already factored it in to determine the reasonable hourly rates for Plaintiffs' attorneys.

### d. The preclusion of other employment by the attorney due to acceptance of the case

The Court notes that this case did not require an excessive time commitment, and Plaintiffs' counsel is being compensated for all their work. Furthermore, there is no evidence that Plaintiffs' counsel were forced to forego other work due to this case. Therefore, the Court finds that this factor does not warrant an adjustment of the lodestar.

### e. The customary fee

The Court has already taken into account the customary fees awarded in similar cases in determining the reasonable hourly rate. Therefore, no further adjustment to the lodestar is warranted.

### f. Whether the fee is fixed or contingent

The Court finds that the lodestar does not need to be adjusted on this basis.

### g. Time limitations imposed by the client or circumstance

The Court finds that although Plaintiffs' counsel devoted significant time to this case, it is not necessary to adjust the lodestar on this basis.

### h. The amount involved and the results obtained

9

The Court has taken the results obtained into account in determining the reasonable hours expended; therefore, the lodestar will not be adjusted on this basis.

### i. The experience, reputation, and ability of the attorney

The Court has already taken the experience, reputation, and abilities of the attorneys involved into account in determining the reasonable hourly rate.

### j. The undesirability of the case

The Court does not find that the lodestar should be adjusted on this basis.

### k. The nature and length of the professional relationship with the client

The Court finds that this factor does not warrant an adjustment to the lodestar.

### l. Awards in similar cases

The Court has already taken awards in similar cases into account in determining the reasonable hourly rates awarded to Plaintiffs' attorneys. Therefore, no additional adjustment to the lodestar is necessary.

## D.  Conclusion

Based on the foregoing reasons, the Court finds Plaintiff is entitled to a total award of attorneys' fees in the amount of $585,470.30 and $20,202.90 in costs.

It is so ORDERED.

SIGNED this ____ day of November, 2015.

_____
United States District Judge Orlando L. Garcia